**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

FILED

OCT 2 6 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Richard W. Wieking
Clerk

General Court Number
415.522.2000

October 24, 2007

Southern District of California
940 Front Street
San Diefo, CA 92101

'07 CV 2062 H    JMA

RE: CV 07-03667 MMC ANTHONY ALVAREZ-v-VICTOR ALMAGER

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith

are:

|  |  |
|---|---|
| ☒ | Certified copy of docket entries. |
| ☒ | Certified copy of Transferral Order. |
| ☒ | Original case file documents. |
| ☒ | Please access the electronic case file for additional pleadings you may need. See the attached instructions for details. |

2254   1983

FILING FEE PAID
Yes ___  No ✓

IFP MOTION FILED
Yes ✓  No ___

COPIES SENT TO
Court ✓  ProSe ___

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

by: Simone Voltz
Case Systems Administrator

Enclosures
Copies to counsel of record

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY ALVAREZ,
           Petitioner,

vs.

VICTOR M. ALMAGER, Warden,
           Respondent.

)
)
)
)
)
)
)
)
)
)

C 07-3667 MMC(PR)

**ORDER OF TRANSFER**

**(Docket Nos. 2, 4 & 5)**

On July 17, 2007, petitioner, a California prisoner incarcerated at Centinela State Prison
and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2254. He challenges a conviction obtained in the Superior Court of San Diego
County.

Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action is proper in either the
district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). In the instant
action, neither the district of confinement nor the district of conviction is located within the
venue of the Northern District of California. Centinela State Prison, where petitioner is
confined, is in Imperial County, which is located within the venue of the Southern District of
California. See 28 U.S.C. § 84(d). San Diego County, where petitioner was convicted, also
is located within the venue of the Southern District of California. See id.

When venue is improper, the district court has the discretion to either dismiss the

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.
Date Filed: 10-23-07
RICHARD W. WIEKING, Clerk
By _____ Deputy Clerk

1  action or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).  Accordingly, in the

2  interest of justice, the above-titled action is hereby TRANSFERRED to the United States

3  District Court for the Southern District of California.  In light of the transfer, this Court will

4  defer to the Southern District with respect to petitioner's in forma pauperis application.

5      The Clerk shall close the file and terminate Docket Nos. 2, 4 and 5 on this Court's

6  docket.

7      IT IS SO ORDERED.

8  DATED: October 23, 2007

9  _____
   MAXINE M. CHESNEY

10 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

APPEAL, CLOSED, E-Filing, HABEAS, ProSe, TRANSF

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:07-cv-03667-MMC
### Internal Use Only

Alvarez v. Almager et al
Assigned to: Hon. Maxine M. Chesney
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 07/17/2007
Date Terminated: 10/23/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Anthony Alvarez**

represented by  **Anthony Alvarez**
Centinela State Prison C-3-111-L
V-12145 C-3-111-L
P.O. Box 921
Imperial, CA 92251
PRO SE

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Date 10-24-07      Deputy Clerk

V.

**Respondent**

**Victor M. Almager**

**Respondent**

**Bill Lockyer**
*ESQ.*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/17/2007 | 1 | PETITION for Writ of Habeas Corpus : Case Transferred from the United States District Court Southern District of California; their case number 3:06-2112-WQH (NO PROCESS); (IFP PENDING). Filed byAnthony Alvarez. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 07/17/2007 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Anthony Alvarez. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 07/17/2007 | 3 | Letter from Clerk requesting a signed and completed IFP application or filing fee of $5.00. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 07/17/2007 | 4 | NOTICE OF APPEAL re [1] Petition: re Supreme Courts Order by Anthony Alvarez. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: |

| | | |
|---|---|---|
| | | 07/18/2007) |
| 07/17/2007 | ◑4 | MOTION for Certificate of Appealability re [1] Petition: re Supreme Court's Order filed by Anthony Alvarez. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 07/17/2007 | ◑ | CASE DESIGNATED for Electronic Filing. (aaa, Court Staff) (Filed on 7/17/2007) (Entered: 07/18/2007) |
| 08/10/2007 | ◑5 | MOTION for Leave to Proceed in forma pauperis filed by Anthony Alvarez. (aaa, Court Staff) (Filed on 8/10/2007) (Entered: 08/13/2007) |
| 08/15/2007 | ◑6 | Letter dated 08/11/07: from Anthony Alvarez re Copies for Certificate of Appealability. (aaa, Court Staff) (Filed on 8/15/2007) (Entered: 08/16/2007) |
| 10/23/2007 | ◑7 | ORDER OF TRANSFER. Signed by Judge Maxine M. Chesney on October 23, 2007. (mmcsec, COURT STAFF) (Filed on 10/23/2007) (Entered: 10/23/2007) |

Mr. ANTHONY ALVAREZ,
(V-12145), C-Facility, C-3-111-L,
CENTINELA STATE PRISON.
Post Office Box-921,
Imperial, California
(#92251)

**FILED**

JUL 17 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*ORIGINAL* UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT FOR CALIFORNIA.

| | |
|---|---|
| ANTHONY ALVAREZ, Petitioner, VS. VICTOR M. ALMAGER, Warden, CENTINELA-Warden, (CESP)..., Respondent. | Case No. Case No. 06-2112-WQH.) NOTICE OF APPEAL. WITH REQUEST FOR CERTIFICATE OF APPEALABILITY.(COA.) |

NOTICE:- Is Hereby given Petitioner ANTHONY ALVAREZ, (V-12145) is Appealing To Our 9th, Circuit, United States COURT OF APPEALS; And To This United States District COURT, FOR 'Certificate OF Appealability.' (COA.) From Court Orders of Chief Justice, RONALD M. GEORGE, Calif. SUPREME COURT "STONEWALLING THE LAWS," Per Se', covering-Up' Facts of "A Counterfeit Conviction." Based Upon 40 + 38-Year OLD Priors Alleging MisUse + Abuse of The LAWS.(Citations). Moreover, Against U.S. Magistrate JAN M. ALDER, (Refusing To Acknowledge, nor, To Correctly Adjudicate our Constitutional-Merits in (50 Page Habeas Corpus.)!!

(1)                    See P.2.)

The "Spirit Of The LAW" is Super lative
in THE LAW — NOT ANY Proceedural LAW.
The Spirit Of The LAW, Defines The True Purpose
And True Function of THE LAW & IS SUPERIOR
To ALL Arbitrary Prison Regulations in California's
Prisons (CDC) DEPARTMENT OF CORRECTIONS.

July 7th, 2007 )    ⊬ Anthony Alvarez
                    V-12145, C-3-111 (CESP.)
                    In Pro Per,.... &
                    ( Amicus — Curiae. )

Page 2, Continued.):— ORIGINAL   July 7th, 2007.)

While covering-"Up" ALL Constitutional Violations of The State Courts. Allegation: This Magistrate Erroneously "Believing Her Duty is to be "Politically-Correct" — in short, acting in (COLLUSION) Joining Calif. Court(s) — Whom Live Via., "Politicizing The Law", ipso facto Are i.e., COURTS OF SHAME"— See, (Insert Page A.) (later). PLEASE TAKE JUDICIAL NOTICE:—

✳ Petitioner ALVAREZ (DisQualified Any U.S. Magis—trate in Southern District Court)(Sept. 26, 2006) Due to LEGAL Facts:— He CANNOT RECEIVE ANY EQUITY— — JURISPRUDENCE There!! + DisQualified Jan. 2007!

They Remain Mentally Blind To ALL of Our Substantial Merits, & are Federally Guaranteed Constitutional Violations. (Being DisRegarded.)!

✳✳ E.g., (Wingo V. Wedding, 418 U.S. 461, at 468, 41 L.Ed. 2d. 879, at 885, 94 S.Ct. 2842.)(1974.).

The Southern District Court Believes They Can (DisRegard)(Merits—Principles) of This Beautiful Supreme Courts Decision??

Whereas, WE are Diligently Seeking Required & Genuine EQUITY JURISPRUDENCE— Due Process, "Equal Protection of The LAWS.")(Citations Omitted.)"

✳ WE Have Herein, such "EXTRA —EXTRA-ORDINARY' Instances And Circumstances' — "That Requires DisRegards of Accustomed Procedure." His Habeas Corpus must

(2)                                              (OVER)

Continued.):—

.....Be Adjudicated Via, U.S. District Judge —
NOT ANY Prejudicial, MisGuided U.S. Magistrate.
(Wingo V. Wedding, supra.) "Not Be Held in Subord-
-ination To Proceedings (Past.): "Which "Opens The
Doors of InQuiry." Whether, They have been
More, Than An Empty Shell." (Id. 346.)"
cited in, (Darr V. Burford, supra, page 218.) [a]
        The Clear Message Is California, Does NOT
Guarantee Rights, To Fair Trials, Fair Appeals,
nor, Habeas Corpus Rights. (Citations Later).
* (Wingo V. Wedding, supra, 418 U.S. at 468.) (1974)."
At any rate, WE Do Have Constitutional Rights
To Seek & Receive Constitutional Relief From Any
U.S. District Court — Esp., When one U.S. District
Court Has Choosen To Cover—Up! California Court(s)
Who Has Choosen ("STONEWALLING THE LAWS" and
Joining into, "Political Correctness" NOT
                — Serving Our American Systems, LAWS!!
* "There is No Fundamental—Fairness", No —
Corrective Process —, in U.S. Magistrate J.M. ALDERS —
Opinion—Really. The Magistrate, is acting in (COLLUSION)
with A System of No Genuine Checks & Balances!!
        In short, The U.S. Magistrate is Trying To Be
"Politically—Correct." In so doing Magistrate ALDERS,
is i.e., Acting As A 17th, Century COURT OF SHAME!
        (Cont.)                    See (p. 3)

Page 3. Continued):— ORIGINAL   July 7TH, 2007.)

(Truth Be Told):— What We Have is "A-One-Sided —
—Trial" — No Reliable Material-Evidence"; No Property;
Nor, any Finger Prints in First Burglary. — Only —
Unreliable-Hearsay —Testimony, (one Witness) No rigorous
Nor, Adequate Cross-Examination — Resulting in
A 60-Year Disproportionate Sentence. As for The —
Strickland Prejudicial ERRORS. Allegations (IF) The ...
writer Here, Assisting The Petitioner was i.e., Defending
Mr. ALVAREZ at Trial & showing JURORS His Side
of The Case — No Reasonable, Rational minded JURY
Would Have Convicted Him Upon, (Prosecutors)...—
....Manufactured — Evidence!   NO REAL EVIDENCE...!
Allegations "U.S. Magistrate Has No Conscience of :-
EQUITY — JURISPRUDENCE!
"EQUITY REGARDS AS BEING DONE
WHAT OUGHT TO BE DONE."
"2nd. POMEROY, EQUITY — JURISPRUDENCE."
Which is; "Diametrically - Opposite"; This Attitude
of Being "Politically Correct," By U.S. Magistrate (SIC)!
     E.g., Trying To Use 38 & 40 yr. OLD Priors as if —
They just Happened Last Year, We pled Cause &
Extreme Prejudice. Petitioner Claims it's Inherently
EVIL, moreover, EVIL perpetuates EVIL —

(3)          See (OVER)

Continued.):-

"... CANNOT Perpetuate ANY TRUTH, Nor, ANY American JUSTICE." (SIC)!

See, His Attached H/C Ground Four pp. 6, 7, & 8.)

It is A Pity U.S. Magistrate ALDER:-
Is Unable To Discern (ALL) The Major Issues Are —
Resulting from Total Lack of "A Fundamental Fair Trial." —— And it's Resulting" "Collateral — Consequences" — Needs Mandatory Hearings —
- Against (Malum In Se' Conduct.).

ALL The Federal Legal Authorities Cited:-
Proclaim "HEARINGS ARE MANDATORY," —
—IF JUSTICE AND TRUTH AreTo Prevail!
(Capps V. Sullivan, 91 F. 2d. 260, at 262-263.)(10th,
- Cir. 1990); (Superintendent V. Hill, 472 U.S. 445, —
86 L. Ed. 2d. 356, at 367, 105 S. Ct. 2768.)(The Loss —
of an important "Liberty Interests" Violates Due
Process" (Alleged Herein.); (Harris V. Nelson, 394
U.S. 286, at 290 to 292, & 300, 89 S. Ct. 1082, at 1086, —
22 L. Ed. 2d. 281.)(HEARINGS ARE MANDATORY!) —
Citing:- (United States V. Atkinson, 297 U.S. 157,
at pp. 159-160.)(1936)(ALL Courts Who, are "STONEWALLING—
—THE LAWS" & Due Process Rights" Are Damaging "The —
- Integrity, or Public Reputation of Judicial-Proceedings");
j (Darr V. Burford, 339 U.S. 200, at 201-203, at 214-215, &
- 218, 220, 238, 94 L. Ed. 761, 767 & fns. 769.) (Citing :-

Cont.)    See p. 4.)

Page 4, Continued:- ORIGINAL    July 7TH, 2007.)

...Citing:- (Mooney V. Holohan, 294 U.S. 103, 79 L. Ed. 791, 55 S. Ct. 340.); And (ALL Citations Therein.) "ALL — Those Legal Authorities agree that Res Judicata Does Not Apply To Applications for Habeas Corpus!!"

STATEMENT OF FACT:-

These are such EXTRA-ORDINARY — Instan—ces and Circumstances' —— that Requires the Dis Regards of Accustomed Proceedures' - (In The Best Interests of JUSTICE.). This Habeas Corpus Enclosed Petition "Be Held" - "Not in Subord—ination To Any (Past) Proceedings; it "Opens The Doors Of Inquiry." (& it's "Underlying Facts.)"

"Whether, They have been More Than An "Empty Shell." (Id. at 346.) (DARR V. BURFORD, Supra, page 218.)" And Case Laws Cited Therein!!

It's NECESSARY To STATE, WE Have such Compelling - Facts' of such EXTRA-,ORDINARY — CONDITIONS And CIRCUMSTANCES:- Which are Being Totally (IGNORED) Via., Cal. Supreme Court, Likewise, DisRegarded By U.S. Magistrate ALDER'S Denials & is "STONEWALLING Petitioner's Constitutional Merits" — While UpHolding Chief Justice R.M. GEORGE — Many Denials of genuine Due Process & "EQUAL PROTECTION OF THE LAWS" Against Him & Against A Class of Society. See, (Insert Page A).—

(4)                                    (OVER)

Continued.):—

...."COURTS OF SHAME' & TORTURE.'"
Said Court acting in, ULTRA-VIRES — without
genuine HONOR & INTEGRITY — Serving POLICE-
State-Mentalities' — NOT SERVING THE
AMERICAN PEOPLE.    Point Of Facts:—
NOTICE:— WE Are Trying To get (Both) Houses
of U.S. Congress To [AWAKEN] their Chairman,
JUDICIARY COMMITTEE(S) Whom Likewise are
DUTY BOUND TO So [AWAKEN] Mr. President
GEORGE W. BUSH, ESQ. To this grave Danger,
When He is allowing; COURT(S) OF SHAME', Flourishing –
California's COURTS OF SHAME! Living in;
"Dirty-Tricks' & Politics'" — Not Living & Serving
Under The Rule of LAW & Constitution. While, Likewise,
Insulting Our American Heritage of Freedom, Allowing
That EVIL SYSTEM (Pandemic) to Prosper?
✳✳ Instead of Correcting This EVIL SYSTEM It's
Flourishing going in The WRONG Direction, Turning
JUSTICE into Poison. (Proverbs 28:5.)(K.J.). The Following
are The Legal Facts to receive Honorable Due Process of
Our Well Established LAWS — (Herein, Being Denied & Deprived).
✳✳ Pursuant to:— (Wingo V. Wedding, supra, 418 U.S. 461, at
p. 468, 41 L.Ed. 2d. 879, at p. 885, 94 S.Ct. 2842.)(1974.)!
     The U.S. Magistrate ALDERS:— Does Not Honor, Nor,
Secure well Established Federal Statutes & Federal
Principles for Truth & Justice To Be Served!
              Cont.)          see p. 5.)

Page 5.) Continued ):— ORIGINAL ( July 9TH, 2007).

TRUTH BE TOLD :—   See,

Page 879 (41 L.Ed. 2d. 879.):— "It was Held That (1) The Federal Habeas Corpus Statute (28 uscs. Section 2243.) is to be Construed as Requiring an EVIDENT— —RARY Hearing By A Federal Judge Personally; (2)— The Federal Magistrate Act Does NOT Change This Requirement. (Notice:— (Petitioner Has "DisQualified" The Magistrate, Via, Motion Sept. 2006.) And Jan. 7, 2007)( As A Corrupting Influence — No Faith in Magistrates.)

\* E.g., (Her Erroneously Believing) Allegations Her Job,
\* is Up Holding The MisConduct & Constitutional ERRORS — Being So "Politically-Correct." (While) (DisRegarding — The Relief & Remedies in The Constitutional LEGAL Authorit— —ies duly Cited by The Petitioner H/C Petition Attached.).

Page 468, (418 U.S. 468.) "Under Our Constitutional Framework the "Great Constitutional Privilege", of Habeas Corpus, (Ex Parte Bollman, (4 Cranch) 75, 95, & 101, 2 L.Ed. 654) (1807)( MARSHALL, CHEEF JUSTICE,) Has Historically Provided — "A prompt and effcacious Remedy For Whatever Society deems To Be InTolerable Restraints." It's root Principle is that in A Civilized Society — Government must always be accountable To The JUDICIARY FOR A MAN'S Imprisonment:— (IF) The Imprisonment — CANNOT Be Shown to conform with The Fundamental — Requirements of The LAW, The Individual Is Entitled — to His Immediate Release." (Fay V. Noia, 372 U.S. 391, at —

(5)    Cont. (OVER)

Continued.):- (AMICUS-CURIAE)¹

...401-402, 9 L.Ed.2d. 837, 83 S.Ct.822.)(1963).

Accordingly, since The Judiciary Act of February 5, 1867, c.28, Sect.1, 14 Stat. 385, Congress — Has expressly vested Plenary power, in The Federal Courts, "for taking Testimony and trying The Facts Anew in Habeas Hearings...fn 5.) (That's !

** All we are seeking examine the Lack of Factual Evidence.). (Fay V. Noia, supra, at 416, 9 L.Ed.2d. 837.) See Also, (Townsend V. Sain, 372 U.S. 293, at pp. 312-313 (& it's Six — Sub.divs.) 9 L.Ed.2d. 770, 83 S.Ct. 745.)(1963)(Emphasis — — Supplied.)(Id. at 885.)" See, Also, ,,

Page 886, (418 U.S. 463):- "A Federal Judge on a Habeas Corpus Application is Required to 'Summarily Hear and determine The Facts and dispose of the matter as LAW and JUSTICE Require." 28 U.S.C. Section 2243, [28 USCS. Section 2243] This Has Long Been The LAW. (Id. at 886.)! See footnote 10,, A Full Discussion of The Magistrate's Act (Id at 886.)!!

Please Take Judicial NOTICE:- The writer for Petitioner ALVAREZ.) (THOMAS E. SPYCHALA, ESQ., B44248.) Has An Open challenge in This 9ᵗʰ, Cir. COURT OF APPEALS - & House or, Senate (JUDICIARY COMMITTEES-14ᵗʰ, Amend. Sections 1, & 5.) for The Presence of Chief JUSTICE RONALD M. GEORGE, & Both Federal & State Attorney General(s) on Issues —:- 

** COURTS OF SHAME" "STONEWALLING THE LAWS"....

Sup. (A)    (Cont.)    See p.6.)

# INSERT — Page (A)

*ORIGINAL*

WE Should Define In Plain Simple English Language What Constitutes COURTS OF SHAME! (In A SYSTEM! That Lost It's Direction.

"COURTS OF SHAME' And TORTURE")) Are Such COURT(S) Allowing OTher COURT(S) To:— "POLITICIZE THE LAWS" & In so doing, it's Allowing "STONEWALLING THE LAWS"; Against A Class ... of Society. (Amicus-Curiae.)

TORTURE = 8TH; Amendment Violations Are "EXCESSIVE-PUNISHMENTS" — Inflicted Under WRONG — FACTS — Without any genuine Reason or Cause! —— It's NOT Rational Conduct, nor, is such Legal Conduct In Our so Called DEMOCRACY!! RES IPSA LOQUITUR. (50 Page Habeas Corpus Petition, Requires "Mandatory Hearings," Under, (Harris V. Nelson, supra, 394 U.S. 286, at 290—291-292, & 300, 89 S. Ct. 1082, at 1086, 22 L.Ed. 2d.281.)" "FOR Safeguarding Individual(S) Freedom"; AGAINST ARBITRARY And LAWLESS State Proceedings." (Ibid.); (United States V. Atkinson, 297 U.S. 157, at pp. 159—160.) (1936) ("Public Interests in Bringing Litigation ....

(Page A)                                    (OVER)

Continued (Insert Page A.):—

...TO AN END (DEMANDS) Correcting ERRORS, Affecting The Fairness, The Integrity, or Public Reput— ation of Judicial Proceedings."). The STRICKLAND & BRADY ERRORS were NEVER Adjudicated" "STONEWALLING IT" as properly Charged......
"STONEWALLING THE LAWS" Are Such "Egregious— ERRORS" Likewise, are "USURPATION OF THE JUDICIAL— PROCESS"— & are Defects Under FRCP. 52(b).

WE NEED TO So Restore TRUTH IN THE LAWS — for The Supreme Good, of ALL Citizens.
(Sum · Sum —— Bo-num.)[L]

**✱ The Doctrine is that the "Loss of Fundamental Constitutional Rights" ———— Outweighs The Values behind The Rules per se"") (United States V. Atkinson, 297 U.S. 157, at 159-160.)(1936) ; See Cf., (United States V. Taylor, 54 F. 3d. 967, at pp. 972-973.)(1st Cir. 1995.). Under, (DARR V. BURFORD, 339 U.S. 200, 201-203, at 214-215, 218, to 220, 238, 94 L.Ed. 761, 767 & fns. 769 ; Citing:— (Mooney V. Holohan, Et. Al.)"

RESPECTFULLY SUBMITTED,

Dated: June 22, 2007)    /S/ Anthony Alvarez
                          TONY ALVAREZ,
                          V-12/45) C-Facility C-3-111-L,
                          In Pro Se"......

Page 6, Continued.):— ORIGINAL   July 7TH, 2007)

"...Via, our "Politicized Courts". To Facts:— Police-
-State-Mentalities' are in Charge of The State of
California's Judicial Systems Offending & Insulting Our
Founding Fathers and "Our Heritage of Freedom" our "Vested
Rights"!! (Daily). All of The above Federal Rights
are Being Denied & Deprived in, (Wingo V. Wedding, supra.)

U.S. Magistrate JAN M. ADLER, Failed & Refused To
Acknowledge ALVAREZ—Petitioner's most Fundamental
Federal-Constitutional Rights — Whereas, His whole Case,
is based upon Federal Constitutional Rights which are
Being (IGNORED) "STONEWALLING IT.").

E.g., is the critical Issue — "Disproportionate Sentence"
based on 40 & 37 year old Priors — with Time Served.
No Hard, Evidence, No Material Evidence — No Rights
To Be Heard" — Under "FULL Disclosure" (Citations.)

The MAGISTRATE, acting as A Friend of State —
Courts — (Not Objective) — NEVER Addressed (ANY) of The
Petitioner's Legal Claims — in 50 Page Habeas Corpus ??
E.g., Magistrate, cites (4) Cases To Issue "Disproportionate
Sentence" None of Them Directly applys To His Legal Issue.
See HIc, Ground 5, Page L.):— A Case That is Right
on point with The Petitioner's Legal Facts & Claims, (In re—
Lynch, 8 Cal. 3d. 410, at 424.) (1972) "The Cal. Supreme —
Court Held:— "That A Punishment may violate Article I,
Section 17, of The Calif. Constitution §IF§ Although Not
Cruel or Unusual in it's Methods, it is so very.......

(6)                        (OVER)

Continued.):—

... DISPROPORTIONATE' To The Conduct / of The Crime' for which it's inflicted, That it 'Shocks The Conscience', and Offends our Fundamental — Notions of (Defendants / Petitioner's) Human Dignity' Rights." (Emphasis Supplied) (Id. at 424.)!"

＊ Bear in Mind — This Sentence is The Resulting "Collateral-Consequences" — Suffering (One-sided-Trial) lacking Defence, ADVOCACY'; Jurors Never Heard the "Underlying-Facts" — Magistrate NEVER could See, any lack of Advocacy — well pled Issues, (McMann V. Richardson, 397 U.S. 759, at 771 footnote 4, 90 S.Ct. — 1441.) (1970); (United States V. Cronic, 466 U.S. 648, at 650-652, 80 L.Ed.2d. 657, at 662-663-664, 104 S.Ct. 20, 39.) (1984). (Truth Be Told):— The Facts and Evidence is (Mob Rule) Because of His Past Criminal Record, relying on Facts not in Evidence — Unwarranted Prejudice — lacking Effective Counsel at Trial and At Appeals!

＊＊ Never Addressing The well Plead Merits (DisRegarded) All Petitioner Has Had from Appointed Counsels were — i.e., Cover-ups' — No Active Advocacy — But Are Friends of Corrupt Courts — in Treachery, Deception + Deceit.)! (Anders V. California, 386 U.S. 738, at 743, 18 L.Ed. 493, 87 S.Ct. 1396.) (1967); (Evits V. Lucey. 83 L.Ed. 2d. 821, 827-828-829, 469 U.S. 387, at 395-396, 105 S.Ct.830.) (1985); (Strickland V. Washington, "Failed To Address nor, Adjudicate The Merits", 469 U.S. at 395-396, 83 L.Ed. —

(Cont.)          See P.7.)...,

Page 7, Continued.):— ORIGINAL    July 7TH, 2007.)

...Id. at 829 & fn.6.); See the purpose & Ultimate object" of having Legal Counsel, (Herring V. New York, 422 U.S. 853, at 862, 45 L.Ed. 2d. 593, 95 S.Ct. 2550.) (1975)(Id at 665, Cronic.) supra.).   (Amicus-Curiae.)

✳ Clearly, U.S. Magistrate ALDER, — Had No INTENTIONS To Find Anything WRONG or EVIL — That Petitioner is Denied "FULL-DISCLOSURE" and Denied His guaranteed "Rights To Be Heard." (Citations)." No objections from P.D.?

✳ See Ground Four, pages 6, 7 to 9, sets out Facts & Reliable Evidence of The States functioning in Arbitrary Powers — After Failing To Guarantee His Rights To A SIXTH-Amendment Fair Trial!! Touched "A Live Nerve (in Defense.

E.g. The Trial & Sentencing Judge LAURA P. HAMMES," Violated Petitioner's Rights To A Fair Trial and likewise,
✳ To A Fair & Honest Sentence "Touched "A Live Nerve) by Striking at The Heart (Of The Defendant's Defense) and Past Criminal Record." Perverting The Truth & The LAW at Sentencing—Falsely Claiming Mr. ALVAREZ, "Is A Poster Child" for the "THREE STRIKES LAW." ? Which is The EVIL and WRONG Attitude for A Judge —Not Objective, Nor, LEGAL!

TRUTH    BE TOLD:—
✳✳ Mr. ALVAREZ, is A Genuine Poster Child! — EXACTLY, For All That Is WRONG, in UnEQUAL — Provisions; In "THREE STRIKES LAW" (No Corrective - Process) esp., for "WOBBLERS" (Citations) The Taxpayers.....

(7)                                    (OVER)

Continued):—

.... NEVER ~~VOTED~~ VOTED for Non-Violent MisDemea-
-nor(s) To Be Sentenced under "THREE STRIKES LAWS"
Concealed From The Public —— TaxPayers.

    // // //

    This APPEAL WILL BE FOUGHT & WON
Via, THE SUPREMACY CLAUSE, Article VI,
Section 2, United States Constitution; Article III,
    Section I, Et. Al, California Constitution.

    //

    ** Moreover, Under, (Townsend V. Sain, supra,
372 U.S. 293, at pp. 312-313, "HEARINGS ARE MANDATORY" —
Under ALL Six Dirs. Requirements). No.1 "The Merits —
of the dispute were inadequate, Not resolved at State
Hearings; No.2) "The State Determination is Not Fairly
Supported By The RECORD; No.3) "The Fact-Finding
Procedure Was Inadequate"; No.4) There are Under-
-lying Facts" (Concealed) From The Jurors"; No.5) "The
Material-Facts" were Not Adequately Developed."; !
No.6) "The Petitioner Was Not Afforded (ANY) FULL
and Fair Hearings on the Merits")(Id. at 312-313.)"
        PLEASE    BE ADVISED:—
These True Principles (& Requirements) Under The
Spirit of The LAW (will Be Satisfied) It is THE LAW !!
The "Spirit Of The LAW" is Superlative In THE LAW.
The Spirit of The Law Principle is Violated Via, COURTS OF SHAME, And ....
        (Cont.)                    See, p. 8)

Page 8.) Cont.):— ORIGINAL ( July 7th,, 2007)

....are connected with TERRORISM in (IRAQ) (ASIA);
CANNOT BE SEPARATED (Edification). YES, This, Calif.,
SYSTEMS OF "STONEWALLING THE LAWS" AGAINST
The Middle Class & Poor People Are "IN EXTRICABLY —
—INTERTWINED" with Our WAR AGAINST TERRORISM
—In (IRAQ) (ASIA); Under Universal Spirit of THE LAW'
& JUSTICE'—"The Spirit of The LAW Dictates JUSTICE."
Awaken'. That's what "STONEWALLING THE LAWS"
Brings To This Nation DANGER. NOT Any Security!
In, (Amicus-Curiae).

RESTORATION — GENERATION:—
·ThereFore, There is much [MORE] going-on —
Herein, (9th, Cir. Court of Appeals; & U.S. District Court) And
U.S. Houses of Congress Than; e.g., (THOMAS E.'s Case No. 154648)
and Mr. ANTHONY ALVAREZ, Case No. 3:06-2112-WQH.)!!
"VERY    SERIOUS    BUSINESS."
※※ Before Rational, Reasonable Minded People,
"STONEWALLING THE LAWS" (Systemically) is (Daily)
Insulting Our Heritage of Freedom, moreso, it's
Being Done Against All Citizens. (Secretly).
NOBODY CAN CHANGE THE TRUTH, Nor REALITY!
The Federal Court(S) And The Congress Must Finally'
RECOGNIZE with FULL ACKNOWLEDGEMENT — that —
WE THE PEOPLE, CANNOT HAVE Such —
COURTS OF SHAME' — Profaning THE RULE OF —
— THE LAW And CONSTITUTION'.
(8)                                    (OVER)

Continued.):—

   So To, Our Mr. President GEORGE W. BUSH &
ADVISORS, MUST MAKE That (above) RECOGNITION &
ACKNOWLEDGEMENT & CORRECT, & RESTORE —Our
American SYSTEM —TRUTH IN THE LAW. Article II,
— Sections 2 & 3, UNITED STATES CONSTITUTION.
   Whether, Mr. Pres. BUSH — Can RECOGNIZE —
— And ACKNOWLEDGE, Our National Security is in
Dire Jeopardy — He (Mr. Pres.) Allows California
SUPREME COURT & COURTS :— To Live as :—
* * "COURTS OF SHAME" and TORTURE," TO Be
Flourishing — while Pretending The System is so
Working Correctly?? Mr. Pres. BUSH, CANNOT WIN
ANY WARS  AGAINST TERRORISM In (IRAQ) (ASIA).
   "(A House) (A STATE) DIVIDED AGAINST ITSELF —
WILL BE DESTROYED.") —Abraham LINCOLN. (Citations)."
WhereFore, You See, Whenever, Any U.S. Magistrate
Trys To Live in "Political—Correctness," —Turning —
Her Blind—Eyes' —while DisREGARDING The Merits'
& DisRegarding ALL The Federal LAWS & Authorities for
Securing His Fundamental—Rights, To A Fair Trial ; To
Full and Fair Hearings on The Merits in ALL  Appeals,
Objectively.  (We are Never in Contempt — When We
— Speak clear Truth & Reality of any given situation.).
   Such Magistrates (DisRegarding Citizens "Vested—Rights"
To receive genuine Due Process, & Equal Protection of The Laws.'
Such Magistrates — are serving Police—State—Mentalities' .....
(Cont.)        See p. 9,)

Page 9, Cont. 9 :— * ORIGINAL*    July 7th, 2007

... Absolutely Not Serving The American (Taxpayers)
People; nor, Serving Well Established Due Process
Legal Authorities providing required Relief & Remedies —
from Arbitrary State Courts Abuse of Process, Via, All
Federal Citations cited in His Habeas Corpus Petition.
Consider The True Facts" — The RECORD Reflects The State
Never Borne it's "Burdens of Proof" that two Home P.C. 459's
Burglaries were committed Penal Code Section 459" — No
such material — evidence — & No Finger Print Evidence found
at 1st, Burglary — only Hearsay-Evidence — Lacking Rigorous
Cross — Examination." Witness claimed She saw Mr. ALVAREZ
Leave The Burglarized Apartment ??    No Evidence....
     There was No Investigation & No (CSI) Investigation
of The Crime Scene" — He was Erroneously Convicted Largely
By His Past, 40 & 37-Year Old Priors. Upon our Allegations
* No Pen.C. 459's — occured By Mr. Tony ALVAREZ; in so
doing — The Trial was "A Farce and A SHAM", proceedings.
     Therefore, His 60-Years Plus Sentence is "Shocking
To The Conscience", and violates "Clearly Established Federal —
LAWS; Under U.S.C. Section 2254(d)(1)" is the governing —
Legal Principle. WE assert EIGHTH Amendment Violations
** are "Clearly Established Federal LAWS" under U.S.C.
* Section 2254 (d)(1), and We assert Petitioner's Sentence
is The Rare Sentence herein — Extreme Case.
Let's Hear what Federal JUSTICES claim as we do, in
50 Page Habeas Corpus as being "Exceedingly Rare." —
                    (9)
                                            (over)

Continued.):-

... and this is Exceptional Case ipso facto. (Lockyer V. Andrade, 538 U.S. 63, at 72-73, 155 L Ed. 2d. 144, at 145, 123 S.Ct. 1166.)(2003). All while The State Courts (Knowingly) are covering-Up (Absence of A Fair Trial.).

Page 145:- "JUSTICE SOUTER; Joined By STEVENS and GINSBURG, and BREYER, J.J. dissenting said That:- (1) The Accused's Sentence was The Rare Sentence of gross-disproportionality' Prohibited By The EIGHTH Amendment, for, if The Sentence were * Not grossly disproportionate Than The Principle that prohibited a sentence grossly disproportion-ate to the offense for which it was imposed Had No Meaning and (2) The California Court of Appeal's * Holding was an UnReasonable application of established Precedent.)(Emphasis supplied)(Id. at p. 145.)." (Andrade, supra, 155 L.Ed. 2d. at 145.)(2003.)

** Magistrate Fails To Obey Federal LAWS:-

* "The Magistrate gives deference To State Courts — finding of Fact and presumes Them To Be correct."(?) "Petitioner may rebut The Presumption of Correctness"; but only by clear and convincing evidence 28 U.S.C. Section 2254(e)(1). (?) (TRUTH BE TOLD):- WE Have:- We Showed The Court Magistrate — A-50-Page Petition of Compelling True Facts (Egregious Trial ERRORS) — of State Courts MisRepresenting Well Established LAWS & Statutes — She DisRegarded ALL of His Constitutional Merits — Not Good Conscience...!

Egregious ERRORS

(cont.) See p. 10)

Page 10, Cont.):—* ORIGINAL * July 7TH, 2007.)

Check Magistrate:— The Facts By Appellate Court — are as follows:— (?)

1) "On March 10, 2003, ALVAREZ, broke into an
2) Apartment in A Hill Crest Complex. He Took Property
3) worth between $200. and $300. Dollars — (Magistrate is —
4) Entitled To Her own Opinion! She Absolutely By LAW is
  * Not Entitled To The WRONG FACTS) (IS) His Public Defender
5) was Adequate as An Advocate of Defense — He would Have
  exposed — Those False Facts.    (Truth Be Told):—

** There Exists No Reliable, Honorable True Material —
— Facts To Support (The (above 5-Lines). There Exists
No Material Evidence" that Petitioner Broke into Any'
— Apartment — PERIOD!    Looks Like Pure Prosecutorial
— "Manufactured Evidence" it's WHY State granted No Required
Evidence — No Evidentiary Hearings.  See, Requirements:—
"No. 1.) "The Merits of The dispute were In Adequate —
Not Resolved"; No. 5.) "The Material-Facts were Not
Adequately Developed."; No. 6.) "The Petitioner was Not Afforded
(ANY) Full and Fair Hearings on The Merits."(Ibid.)"
// // //

      Our Pledge Of Allegeance:—
Our Pledge Of Allegeance States:— "WE Are One
Nation Indivisible With Liberty and JUSTICE —
— FOR ALL!"    (N)one Are EXPENDABLE For
ANY HUMAN SACRAFICE; As Politically Motivated....
... Via; COURTS OF SHAME And TORTURE!
      TRUTH BE TOLD:—
// // //
                (10)                    (OVER)

Continued, ):—

## WE HAVE INVOKED 'ORIGINAL HABEAS — CORPUS JURISDICTION WITHIN,' THESE FEDERAL COURTS.

### (AMICUS — CURIAE)

"The (AEDPA-Act) —— "Does Not deprive This U.S. Dist. Court, Nor, 9TH, Circuit U.S. Court — of Appeals'. of their correct & Proper JURISDICTION' To Entertain "Original Habeas Corpus Petition." Therefore, Petitioner's (Plainly) "A Counterfeit — Conviction" Via, manufactured-evidence' Covered-Up' By Corrupt State Court(s), Should Not Be Barred nor, Restricted By "New Rules". (Kuhlman V. Wilson, 477 U.S. 436, at p. 454.)(Emphasis Supplied.)(Plurality — Opinion.)(1986); See Also, (Ex Parte Bollman, 8 U.S. (4 Cranch) 75, 95, at pp. 100-101.) ("Original Habeas Corpus — JURISDICTION.)(1807) (Chief JUSTICE MARSHALL.)"; (Wingo V. Wedding, 418 U.S. 461, at 468, 41 LED. 2d 879, at 885 — 886, 94 S. Ct. 2842.)(1974)(No Magistrate's Opinion); See also, (Casey V. United States, 48 S. Ct. 373, at 376-377, 276 — U.S. 413, at 424-425.)(1928)("To Protect The Government." — "To Preserve The Purity of it's Courts.")(Mr. JUSTICE OLIVER WENDELL "HOLMES,)" (1932)."

### Questions Arise :—

"When Did These Alleged:— COURTS OF SHAME; Get This WRONG-Headed Idea, That (Prisoner(s) Are i.e. [EXPENDABLE] as for Human Sacrafice" for -Political Purposes' —— Not for any Public Interests. ?

Cont.)                                    See (p. 11.)

Page 11.) Cont.):— ~~ORIGINAL~~    July 7TH, 2007.)

Those COURT(S) LOST RESPECT FOR
our Human Life?    Once Upon A Time..."")
"RESPECT FOR THE INDIVIDUAL — IS THE LIFE-Blood
— of The LAW." (Calif. Courts & U.S. Magistrate(s) are
Not Conscious of That Principle — nor, of The Word —
— InDivisible in our Pledge of Allegiance — The Big
— Picture or The BOTTOM LINE — Escapes Their Consciousness...'
    In any Case The Principles NEEDS RESTORATION.
(Faretta V. California, 422 U.S. 806, at 834-835,
& fns.) (1975); (Illinois V. Allen, 397 U.S. 337,    at —
350-351, 25 L.Ed. 2d. 353, 363.); Et.AL.).
        (Amicus — CURIAE.)
    California's Problems Adhereing
To    Political — Correctness:—
    Anti-American ..Attitudes:—
There is No Ring of Truth, Nor, of Reality With
RECOMMENDATIONS of U.S. Magistrate JAN M. ADLER)!
She Has [ONLY] Proven that Calif. SUPREME
COURT & COURT(S), Do Not Have ANY Effective nor
Adequate 'Systems' of Checks' & Balences' — No Truth Seeking
Procedures.    They Only Have:—
"COURTS OF SHAME" & TORTURE'"! Running under
— DUPLICITY ———————— NOT Serving DEMOCRACY!
Thereby, Insulting ALL American Citizens and
Our    Precious    Heritage of Freedom.
As for the Grossly 'Disproportionate Sentence' Well
Pled & Disregarded By Magistrate. See, This Appeal....
        (11)        (OVER)

Continued. 9:

... (COA) page 9, the Back of page 9, Four U.S. SUPREME COURT JUSTICES agrees with our Facts & Conditions:-

"Accused Sentence was That "Rare Sentence" of "Gross-Disproportionality" Prohibited By The EIGHTH Amendment." "(a) "The California Court of Appeals Holding Was An UnReasonable Applica-tion of Established Precedent." EIGHTH Amendment Violation. All UnConstitutional Conduct ... (Andrade, supra, 155 L.Ed. 2d. at 145.) (2003)."

Magistrate (s) MisReading The Critical Facts Within His 50-Page Petition FOR Writ Of Habeas Corpus. (Enclosed). (28 USCS. Section 2243.)."

✳✳We Have Stated Factual Violations of His Federal guaranteed Constitutional Rights — Blatantly Violated in "A Farce and Sham Trial". When Petitioner claims His 6th, & 14th, Amendment Rights are Violated (Magistrate claims — Those are State Rights?) Those are All Federal Constitutional Claims Well Established Federal Precedents‼

✳ Whereas, Magistrate Believes it's Her Job to Cover-Up" All the State's Violations presented. Moreover, She Lies, When She Claims That She "Looks Through" To The Under-lying Appellate Court's Decision. (??) (TRUTH Be Told):-

✳✳ The Appellate Court's Decision is Contrary To The True Facts — it is UnReasonable Application, of clearly Established Supreme Court LAW —(Citations in pleadings)(28 U.S.C Section 2243.)(Id. 886). The State Court(s) Decisions Contradicts All of The Supreme Court's Precedents We cited.)..."

(Cont.)                                    See p. 12.)

Page 12, (Cont.):— ~~ORIGINAL~~ July 7th, 2007).

Facts: There is No Reliable – Honorable Tangible – Material – Evidence that Mr. ALVAREZ — Broke into Any Apt. Period !! That is WHY — State Courts Denied His "Rights To Be Heard", Under FULL Disclosure "(Citations)".

We have shown Magistrate Fails to Acknowledge nor, Obey Our Well Established Federal LAWS!

**✳✳ (TRUTH Be Told): GROUNDS 2, 3, 4 & 5) could & should over Turn "THREE STRIKES LAWS" (Abuse) esp., Sentencing Prisoners on non-Violent (Mis Demeanors) crimes Should Be Realistically (UnConstitutional Standards) By 9th Cir. U.S. Court of Appeals — Herein. E.g.; A Truly Grossly Disproportionate Sentence of 60-Plus Years — Where, No Reliable – Honorable Material – Evidence — That Mr. ALVAREZ — Had indeed — Committed Any Pen. Code 459's — All Abuse of Arbitrary Power — This Case, Exposes, The Lack of Eageness To Serve The Truth, and, and Serve THE LAW — Against A Class of Society. ( AMICUS – CURIAE.) !

**✳✳ THE BOTTOM LINE ISSUES Are No State Courts Honored His Fundamental Constitutional "RIGHTS TO BE HEARD" — Under "FULL DISCLOSURE". The Magistrate Failed To Address Any Crucial Facts — in ALL 5-GROUNDS — — Clearly They are Meritorious — Demanding The Public "Light & TRUTH" in The LAWS. Not-This Cover-Up's of An EVIL SYSTEM Of :— "STONEWALLING The LAW — Politicizing THE LAWS'" Insulting Our Founding Fathers' and our Heritage of Freedom. See, (People V. Williams, 17 Cal. 4th at 162-163.)

(12)            (OVER)

Continued):—

... Contending Under Lack of Material Evidence" — Defendant (ALVAREZ) Should Be deemed outside The Spirit of the "Three Strikes LAW", and should be treated as though He Had not committed one or more Strike Priors." (Id. 162-163.)

Than JUSTICE Would Have Been Served"

WE Believe Any Rational Reasonable Minded Judge will find The Five Grounds in (Enclosed) Habeas Corpus are Meritorious pursuant To ALL Six Sub. dirs, at (Townsend V. Sain; supra, 372 U.S. at 312-313; and ALL Six Sub. dirs. [Requirements] Fits The Facts of This Case & it's State's Covers-Up" "STONEWALLING THE LAWS"

CONCLUSION:—

WE Understand (Citations) HEARINGS ARE MANDATORY.

FACTS:— It is this Awakening Time" FoR AMERICA — These California "COURTS OF SHAME" AND TORTURE" — Brings DANGER To The Nation — Not (ANY) Security, NOT ANY JUSTICE! (Proverbs 28:5.(k.J.) (Wingo V. WEDDING, 418 U.S. at 468, 41 L.Ed 2d. at 885 —886, 94 S. Ct 2842, (1974). Than There is Our National Security Issues; See, This Appeal (COA) Back of Page 7, and Both sides of page 8. "Very Serious Business". There is No Escape From The Truth or Reality — for All People. !! "STOP THIS Politicizing THE LAWS." (STONEWALLING IT")

Petitioner PRAYS This Honorable Court will i.e., Address, & Correct, Adjudicate These Substantial Constitut- -ional Merits Presented Factually for Relief And Remedies.

Cont.)    See p. 13.)

Page 13, Cont.):— ORIGINAL   July 7TH, 2007)
Esp., from Alleged EIGHTH Amendments" —
Violations — Prohibited By Both The Federal and California
State Constitution, Article III, Section 1.)

The National Security Issue — CANNOT BE
REPEATED ENOUGH'— Until, it is RESONATING'—
THROUGH OUT OUR JUDICIAL SYSTEMS.
Unless and Until' Mr. President GEORGE W. BUSH,
ESQ., Truthfully Deals with These (ISSUES) that State
of California Lives & Flourishes under "Politicizing THE
LAWS" Against A Class of Society; Both Houses of Congress
Have Mandatory Duties & Responsibilities To so Awaken"
Mr. President BUSH, ESQ., do to facts Issues are so
Connected with The WAR AGAINST TERRORISM in
(IRAQ) & (ASIA) CANNOT BE SEPERATED.!!
YES, This SYSTEM OF 'STONEWALLING THE LAWS"
AGAINST A Class of Society Via, California's SUPREME
COURT & COURTS!!      That Systemic EVIL —
is i.e., "INEXTRICABLY — INTERTWINED" With Our
WAR AGAINST TERRORISM IN (IRAQ) (ASIA),"
in (JIHAD)! That Issue is well Pled. Awaken —
ThereFore, This is Not ALL About Mr. TONY —
ALVAREZ, Case ——— However, it's Issues are
Affecting ALL Citizens — Bear These Facts in Mind!
With our Pledge of Allegeance: "WE Are One Nation,
Indivisible with, LIBERTY & JUSTICE FOR ALL!"

(13)                        (OVER)

Continued.):—

Allegations:— California SUPREME COURT & COURTS
DO NOT Practice Under These Precepts   and
Principles.  (Above)...

  WHEREFORE, Mr. TONY ALVAREZ, Needs
His Required By LAWS Evidentiary Hearings
Pursuant To Clean His Name From False Charges'—
So That JUSTICE Will Be Done.

     RESPECTFULLY SUBMITTED,

 I swear, certify and declare, under penalty
of penjury, that All of The foregoing is   All
True and Correct, stated upon information  and
Belief, and I Believe it's All True & Correct.

  Dated & Signed under Title 28 U.S.C. Section
1746.); and California's C.C.P Section 2015.5.)
Dated:— July 7th, 2007.)

 (ORIGINAL)  RESPECTFULLY SUBMITTED,


See:*ADDENDUM*  § Anthony Alvarez
& Proofs OF SERVICE ANTHONY   ALVAREZ,
Attached hereto,.... V—12145, C-Facility, C-3-111,
     CENTINELA STATE PRISON.
     Post Office Box— 921,
     Imperial, Calif. #92251)
      In Pro Per.........

   (Cont.)    see 14.)

Page 14, Cont.):—   ORIGINAL   July 7TH, 2007)

**✳ ADDENDUM ✳**

## MOTION FOR HONORABLE
## LEGAL COUNSEL ASSISTANCE

I, ANTHONY ALVAREZ, (V-12145)(CESP) Being of A Sound Mind and in Control of All of my Facultics, Do Hereby, swear and declare under penalty of perjury All of The Foregoing is All True and Correct.

Invoking All The Constitutional Principles Required In, (Johnson V. Avery, 393 U.S. 483, at 490 (fn.11.); (Ex Parte Hull, 312 U.S. 546, at 548-549. (1941).

In ANY Court Required Hearing, Against my Illegal State Custody — I Will NOT Accept Any Appointed ✳ Public Defenders — Nor, Any U.S. Magistrates — To Be Determining Any Facts & Law in my Case. I want, Mr. THOMAS E. SPYCHALA, ESQ. (B-44248) "C-Facility, C-3-115L)(CESP) To Represent Me (ALVAREZ) in Any & All Evidentiary Hearings — Regarding My Illegal — State Custody, By The State of California (see, (Wingo V. Wedding, supra., 418 U.S. 461, at 468, 41 L.Ed. 2d. 879, at pp. 885-886.) (1974).

I, (ALVAREZ) Absolutely Having No Faith, & No Trust, in Any Public Defenders, Nor, U.S. Magistrates Whom Have (DisRegarded) my "Vested" Citizenship Rights," Such Officials are Serving Being "Politically-Correct" — Having Abandoned — Our American System of Truth Seeking And Serving The True Genuine Cause of JUSTICE!

(14)                                     (OVER)

Continued:—

...

WHEREFORE, I Refuse Any Appointment of (ANY) Legal Counsel; In my Defense I want and NEED' THOMAS E. SPYCHALA, ESQ., To Represent my Cause of (Illegal Incarceration) He Fully Understands my Case Issues, He Has expertise' in Constitutional LAWS; ** He is Extremely Honorable and Trustworthy in ALL ** Matters in Question Here; Esp., Under Our genuine LAWS & Constitution — Being DeFrauded Here.

He Fully Understands ALL of my Constitutional Claims & Issues — I trust Him fully with my Life. I do Hereby, swear and declare under penalty of perjury All of The Foregoing is ALL True and Correct. (Title 28 U.S.C. Section 1746.)

Dated:—July 7TH, 2007.)

RESPECTFULLY SUBMITTED;

**❈ ORIGINAL ❈**

By Anthony Alvarez
ANTHONY ALVAREZ,
V-12145,) C-Facility, C-3-111-L,
CENTINELA STATE PRISON.
P.O. Box-921,
Imperial, California
#92251)

See Proofs of ...
... Service.

In Pro Per....;

| Short Title: | Court Case No: |
|---|---|
| ANTHONY ALVAREZ Vs. VICTOR M. ALMAGER, Warden | 3:06-2112-WQH.) |
| | Case No. |

# **Proof of Service By Mail**

**\* ORIGINAL \***

I am over the age of 18 and (a party) / not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My

residence or business address is (specify):   CENTINELA STATE PRISON · (I.D. **#V-12145)**
2302 BROWN ROAD
P.O. BOX 921
IMPERIAL, CA. 92251

I served the attached: NOTICE OF APPEAL & MOTION TO PROCEED In —

By enclosing true copies in a sealed envelope addressed to each person
& U.S. Magistrate RECOMMENDATION; 50 Page H/C .. )(—Forma Pauperis.)
whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.
Date of deposit: July 7th, — , 2007)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

HON. JERRY BROWN, ESQ. Attorney General,
DEPARTMENT OF JUSTICE.
1300 First Street, Suite 125.
Post Office Box — 944 255.)
Sacramento, California

I certify under penalty of perjury that the foregoing is true and correct. **#944255)**

DATE: July 7th, 2007).

- ANTHONY ALVAREZ,
(TYPE OR PRINT NAME)
V-12145) C-Facility, C-3-111-L)
CENTINELA STATE PRISON
#92251)        (15)

▶ Anthony Alvarez
(SIGNATURE OF DECLARANT)
In Pro Per, ...

## JURISDICTION :-

INVOKED: 'ORIGINAL   HABEAS
CORPUS   JURISDICTION'   WITHIN
FEDERAL   COURTS.

(Ex Parte BOLLMAN, 8 U.S. (4 Cranch) 75, 95, at
pp. 100-101.) (1807) ("Original Habeas Corpus") (Chief JUSTICE -
MARSHALL.) ; (WINGO V. WEDDING, 418 U.S. 461, at 468,
41 L.Ed. 2d. 879, at pp. 885-886,  94 S.Ct. 2842.) (1974);
     See also, (Casey V. United States,  48 S.Ct. 373, at
376-377 , 276 U.S. 413, at pp. 424-425.) (1928)
("To Preserve The Purity of it's Courts"). VEA.;
(Mr. JUSTICE OLIVER WENDELL HOLMES.)".

| Short Title: | Court Case No: |
|---|---|
| ANTHONY ALVAREZ Vs. VICTOR M. ALMAGER, Warden, | 3:06-2112-LOQH.) |
| | Case No: |

*\* ORIGINAL \**

# **Proof of Service By Mail**

I am over the age of 18 and (a party) not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My

residence or business address is (specify):  CENTINELA STATE PRISON - (I.D. #V-12145)
2302 BROWN ROAD
P.O. BOX 921,
IMPERIAL, CA. 92251

I served the attached: NOTICE OF APPEAL & MOTION TO PROCEED In-

By enclosing true copies in a sealed envelope addressed to each person
+ U.S. Magistrate RECOMMENDATION; 50 Page H/C )...) — FORMA PAUPERIS.
whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: July 7Th , 2007)

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

CLERK, UNITED STATES COURTHOUSE
450 GOLDEN GATE Avenue,
Post Office Box-36060,
San Francisco, California
# 94102 / 3483

I certify under penalty of perjury that the foregoing is true and correct.

DATE: July 7Th , 2007)

ANTHONY ALVAREZ,
(TYPE OR PRINT NAME)
V-12145) C-Facility, C-3-111-L)
CENTINELA STATE PRISON
#92251)        (16.)

▶ Anthony Alvarez
(SIGNATURE OF DECLARANT)
In Pro Per, ...

# JURISDICTION:-

## INVOKED 'ORIGINAL HABEAS CORPUS JURISDICTION WITHIN FEDERAL COURTS.

(Ex Parte BOLLMAN, 8 U.S. (4 Cranch) 75, 95, at pp. 100-101.)(1807)( ORIGINAL HABEAS CORPUS)( Chief JUSTICE MARSHALL); (Wingo V. Wedding, 418 U.S. 461, at 468., 41 L.ED. 2d. 879, at pp. 885-886, 94 S. Ct. 2842.)(1974); See, also, (Casey V. United States, 48 S. Ct. 373, at 376-377, 276 U.S. 413, at 424-425.)(1928)("To Preserve The Purity of it's Courts.")( Mr. JUSTICE — —OLIVER WENDELL HOLMES.)"

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**FILED**

07 JUL 17 AM 10: 49

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-Filing**

C 07 3667

Dear Sir or Madam:

Your petition has been filed as civil case number _____

Your petition is deficient because:

**MMC      (PR)**

1. ____ You did not pay the appropriate filing fee of $5.00.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's <u>In Forma Pauperis</u> Application in its entirety.

2. _✓_ The <u>In Forma Pauperis</u> Application you submitted is insufficient because:

   _✓_ You did not use the correct form.  You must submit this court's current Prisoner's <u>In Forma Pauperis</u> Application.

   _____ Your <u>In Forma Pauperis</u> Application was not completed in its entirety.

   _____ You did not sign your <u>In Forma Pauperis</u> Application.

   _____ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

   _____ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

   _____ Other _____

Enclosed you will find this court's current Prisoner's <u>In Forma Pauperis</u> Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning:   If you do not respond within THIRTY DAYS from the filing date stamped above, your action will be dismissed and the file closed.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By _____
Deputy Clerk

ALVAREZ

rev. 4/01

ANTHONY ALVAREZ,
NAME
V-12145) C-Facility, C-1-125-L
PRISON NUMBER    P.O. Box 921,    C-3-111-L)
CENTINELA STATE PRISON.
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Imperial, California
CITY, STATE, ZIP CODE    # 92251

FILED
07 JUL 17  AM 10: 49
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

New

3667
mmc

E-Filing    530

COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

C 07  3667 MMC

Case No. 3:06-2112-WQH)

Civil R (06-2112-WQH.)    (PR)

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

JM

ANTHONY ALVAREZ,
(FULL NAME OF PETITIONER)
PETITIONER

v.

VICTOR M. ALMAGER, Warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

BILL LOCKYER, ESQ.,
The Attorney General of the State of
California, Additional Respondent.

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   Superior Court of San Diego; 220 W. Broadway Ave; San Diego, Cal # 92101/
   /3888

2. Date of judgment of conviction: Sept. 12th 2003).

3. Trial court case number of the judgment of conviction being challenged:
   SCD-174061.)

4. Length of sentence: 60-Years To Life.

(1)

5.  Sentence start date and projected release date: _Nov. 7th, 2003.)_

6.  Offense(s) for which you ~~were convicted~~ ~~or pleaded guilty~~ (all counts): _Two Alleged 1st. Degree BURGLARY'S ; with 35 YEARS Enhancements for 30 Plus Years PRIORS. Penal Codes 459/460; 667.5 sub.ds.(b)(i)._

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty        ☒
    (b)  Guilty            ☐
    (c)  Nolo contendere   ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury        ☒
    (b)  Judge only  ☐

✳ C O P Y ✳

9.  Did you testify at the trial?
    ☐ Yes  ☐ No

DIRECT APPEAL

10.  Did you appeal from the judgment of conviction in the California Court of Appeal?
    ☒ Yes  ☐ No

11.  If you appealed in the California Court of Appeal, answer the following:
    (a)  Result: _Denied  No Hearings_
    (b)  Date of result, case number and citation, if known: _D-043484 — Sup.Crt. No. SCD-174061) (Oct. 27, 2004.)_
    (c)  Grounds raised on direct appeal: _APPELLANTS SENTENCE OF 60-Years To Life Is UnConstitutional Because It's DISPROPORTIONATE TO HIS CONDUCT; INEFFECTIVE AID of TRIAL COUNSEL; 30 & 40 Year old Priors used for Enhancements ; EXCESSIVE Punishments._

12.  If you sought further direct review of the decision on appeal by the California Supreme Court (e.g., a Petition for Review), please answer the following:
    (a)  Result: _DENIED — (Attached)_
    (b)  Date of result, case number and citation, if known: _JANUARY 12, 2005 — None (No System For Correction)_
    (c)  Grounds raised: _Same above 11-(c) "Cruel & UnUsual Punishments" Article I, Sect. 17, Calif. Constitution; Trial Attorney Failed To Call Identification Experts Testimony Against "EYE Witnesses"; No Physical Evidence To Place Him in Crime Scene Or Entry of Apartment & Issue of "WOBBLERS" crucial._

(2)

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

   (a) Result: _____ *Not / Applicable* _____

   (b) Date of result, case number and citation, if known: _____

   (c) Grounds raised: _____ *Not / Applicable* _____

_____

_____

_____

_____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
   ☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

   (a) <u>California Superior Court</u> Case Number: _____ *N / A* _____

   (b) Nature of proceeding: _____

   (c) Grounds raised: _____ *NoT / Applicable* _____

_____

_____

_____

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☒ No

   (e) Result: _____ *N / A* _____

   (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
   ☒ Yes  ☐ No

(3)

17. If your answer to #16 was "Yes," give the following information:

  (a) California Court of Appeal Case Number: _Not / Applicable_

  (b) Nature of proceeding: _N/A_

  (c) Grounds raised: _N/A_

  (d) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes  ☐ No
  (e) Result: _N/A_
  (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the California Supreme Court?
   ☒ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

  (a) California Supreme Court Case Number: _S-136418.)_

  (b) Nature of proceeding: _Original Habeas Corpus (Copy Attached) Allegations PREJUDICEAL THROUGHOUT-No Full Disclosure._

  (c) Grounds raised: _InEffective Aid Of Trial Counsel-Denied 6th & 14th Amendment "RIGHTS TO FAIR Trial" with "EQUAL Protection of The LAWS" (Collateral Consequences) WRONG-60-Years To Life Sentence. Denied "A Fair and Impartial Appeal", Denied Rights TO STRIKE (2) Two FORTY YEAR Old PRIORS. !_

  (d) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes  ☒ No

  (e) Result: _N/A  Denied, No Hearings_
  (f) Date of result: _June 28, 2006 (Copy Attached)._

(4)

20.   If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition, explain briefly why you did not:

*Petitioner Served "Petition For Review" (Proof Of Service) Attached:-Likewise, Copy of HABEAS CORPUS (Attached) Allegations State of California Demonstrates DISCRIMINATION/& PREJUDICE Against Petitioner's Guaranteed Fed. Constitutional Rights "TO BE HEARD" with Rights To "FULL DISCLOSURE!"*
*(Citations)*

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your first federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No    (IF "YES" SKIP TO #22)
(a)  If no, in what federal court was the prior action filed? _____
(i)  What was the prior case number? _____
(ii)  Was the prior action (CHECK ONE):
☐ Denied on the merits?
☐ Dismissed for procedural reasons?
(iii)  Date of decision: _____
(b)  Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No
(c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

CAUTION:                    *DONE in TOTO...*

• Exhaustion of State Court Remedies:  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

• Single Petition:  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

• Factual Specificity:  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

(5)

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** INEFFECTIVE Aid OF LEGAL COUNSELS Rights To Fair Trial; Failed Calling Expert IDENTIFICATION WITNESS; Failed TO Inform Jurors His Side of Case; DENIED 6TH & 14TH, Amendments, Fundamentally TO A FAIR TRIAL!

Supporting FACTS (state *briefly* without citing cases or law) This Was A Case — Purely based in (Circumstantial - Evidence) Whereby, Jurors needed to recognize the UnderLying - Facts; Herein, being (Concealed) by Ineffective Aid of Legal Counsel.

The Case Hinging upon inaccurate — Not correct Identification for This:— "Circumstantial-Evidence" Case; resulting in an OUTRAGEOUS 61-Years To Life Sentence! Allegations:—Upon What should have been (Determined) as "WOBBLERS", at Best; Not Serious Felonies.

There was No 'Material - Physical' - Evidence' of any property Taken By The Defendant, or any Type of Violence! Petitioner was convicted Upon [UnReliable] Identification and Jacking Adequate Cross-Examining to The Crucial Facts He had a Right To be in The Apartment = Complex.

IN EVIDENCE CODES: EYE-WITNESS IDENTIFICATION IS THE WEAKEST IDENTIFICATION TYPE OF EVIDENCE! Given that There was No Physical - "Evidence" To Place Him in the Crime Scene; Or, even Any Entry of Apartment in 2nd; Charge....

Did you raise GROUND ONE in the California Supreme Court? See p.(1.)
☒ Yes ☐ No.

(6)

GROUND ONE Page 1.):-

... of Penal Code Section 459.).

Thus, for genuine Due Process In (A Fair Trial) to be satisfied — His Public Defender Mr. BERKON, should have recognized This Great Need FOR AN IDENTIFICATION EXPERTS' TESTIMONY; On "EYE-WITNESSES" — They EXIST, and are commonly used in a case, such as this — With No Reliable Material Evidence. Allegations, lacking such "EXPERTISE" Testimony upon EYE-Witness(s) — IDENTIFICATION — That The Trial, was i.e., Reduced To: "A Farce & A Sham." The Defendant / Petitioner's side of the case was Never Heard — "THE TRUTH Finding Functions of A Trial" — were NOT Satisfied; Due Process Rights were NOT satisfied. "H's 1st & 14th, Amendments "Rights -To Be Heard" were Not satisfied, In,

(STRICKLAND V. Washington, supra, 466 U.S. 668, at pp. 689-690.); (Evitts V. Lucey, 469 U.S. 387, at 396- 399.) (1985.); ("Totality Of Circumstances Shown") — DENIED His Federal Rights TO A Fair Trial — with "FULL-DISCLOSURE" & "Rights To Be Heard." (Citations) & thus, Denied A LEGAL — Sentence. (In re WINSHIP, supra, 397 U.S. 358, at 362- -364.) (1970); (LEWIS V. United States, 65 F.3d. 252.) (2nd Cir. (1995); see also, McMann V. Richardson, 397 U.S. 759, at p. 771 & fn. 14.) (1970); (MURRY V. CARRIER, 477 U.S. 478, at p. 496.) (Allegation:- THE STATE'S CONDUCT — IS — DISCRIMATORY / PREJUDICIAL THROUGHOUT.)

(Federal Constitutional Rights for Due- —Process are Disregarded.)

(cont) p.2.)

( 1 )

see p.2.)

GROUND ONE (Page 2.):-

WE Cite LEGAL Authorities Throughout
TO Illustrate Calif. SUPREME COURT
And It's COURTS Disregard Federal
Constitutional Rights & Authorities For
Granting Due Process. (DISCRIMINATION.)

Defendant/Petitioner Had Every Right To Be
at This Apartment Complex on the Date of His
Arrest. The True FACTS were (Concealed from
JUROR'S):- His EX-GIRL FRIEND (EASTER YARBORDUCH)
Who had Lived with Him, At this Apartment Complex.
She had introduced Defendant To A Male Friend of
Hers — who lived in a seperate Section at This
Same Apartment Complex. This Defendant/Petitioner
was trying to make a connection with that Man
to share an Apartment.

   * AT This Point In Time, Defendant was
gainfully employed as A TELEMARKETER; and had
worked at that Job for 14-Months.

   Petitioner/Defendant, was Denied His Funda-
-mental-Rights To 'A Fair Trial, Via., SIXTH and
Fourteenth Amendment(s), Violated & Lacking (sine-
qua non) any "FULL DISCLOSURE" — His Side Of The
Case Was Not Presented To Jurors. (United States
V. NIXON, 418 U.S. 683, at p. 709.) 94 S.Ct. 3090.)(1974);
(Gray Vs. Mississippi, 481 U.S. at 668.)(1987); See also,
(Speiser Vs. Randall, 357 U.S. 513, at 525-526, 78 S.Ct.
1332, at 1342-1343.); (In re WINSHIP, Supra, 397 U.S. 358,
at 364 and 372.)(Colorable Claim Of Innocence). Alleging:-
See, P. 3.)
(2)

U. S. District Judge William Q. HAYES, ESQ.,
(WQH)

Petitioner's (All of Them) His guaranteed LEGAL And "Human Dignity"-Rights" are DisRegarded No Respect Granted By Court Officials (of The State). See, (Harris V. New York, 401 U.S. 222, at 224-225, + at 230-231-232.) (1971). "The Constitutional Foundation UnderLying The Privilege Against (Self-InCrimination) is The Respect A Government * * * Must ACCORD TO The Dignity and Integrity of it's Citizens." (IBID.)". ; See also, (Mapp V. Ohio, supra, 367 U.S. 643, at 659, 81 S.Ct. 1684, at 1694, 6 Ed. 2d. 1081.) (1961); see also, 28 L.Ed. 2d. at 8; 401 U.S. 222.) (1971)

# GROUND ONE (Page 3.):-

". . . . The State Did Not Carry or Satisfy . . . . . . their "Burdens of Proof." None of which was Adequately Addressed at The Trial or at Sentencing for it's merits.); see, (McMann Vs. Richardson, supra, 397 U.S. 759, at 771 fn. 14.) (1990); see, "1st, Amendment, RIGHTS TO BE HEARD." in, (Goss V. Lopez, 42 L.Ed. 2d at 734-735, & 737 (& Case LAW cited) 419 U.S. at 574-575, 95 S. Ct. 729.) (1975); (Grannis V. Ordean, 234 U.S. 385, at 395,) (1914) (cited with Approval.). When Petitioner is fighting Against Official Discrimination / PREJUDICE

** * . . . . . obstructing His Due Process Rights; "RIGHTS TO BE HEARD" 1st & 14th, Amendments Violated. Evidenced Via., No Required Hearings Granted!

## LACK OF RESPECT FOR HIS HUMAN DIGNITY.

Due Consider The Judges Decision in, (LaReau V. MacDougall, 473 F.2d 974, at p. 978 & fn. 7.) (2nd, Cir. 1972) Quote:- Page 978: "Prison Officials, no Less Than Sentencing Judges, are Bound by The Strictures of the Eighth Amendment. Disciplinare measures:- That Violate Civilized Standards of Human Decency are Proscribed. * * * * In Order To Preserve The Human Dignity of inmates and the standards of Humanity embraced by our Society, We CANNOT Sanction such punishments." See, (Trop V. Dulles, supra, 356 U.S. 86, at 101.) (Id. at 978, & fns. cited)."

P. 978:- "And The "Conscience" (8th, Amend.) of The Clause is concerned with is the Collective Conscience of Our . . . . .

(3)

see p. 4.)

USURPATION OF THE LAW, JUDICIAL PROCESS, are The Egregious ERRORS" Herein, Consider Facts:— "STONE WALLING THE LAWS" ipso facto, is conduct in The USURPATION OF THE JUDICIAL PROCESS!!

FRCP. Rule 52-(b) We Have shown "Plain ERRORS" Demanding The "Public Light" for RESTORATION of Our American System of JUSTICE

Federal Rule 52-(b) "Plain ERRORS" or Defects Affecting Substantial Rights! are viable ...



GROUND ONE (Page 4.):-

... our Society, Not The Conscience of Judges or Prison Officials as individuals. See, (Trop V. Dulles, supra, 356 U.S. 86, at 101.)(1958)(Id. at 978 + fn. 7.)

※※ ALL of the above facts is in Reference To The Dispro-portionate Sentence of 61 yrs. To A Man who is 75 yrs. old; having A Mother of 98 yrs. who needs Him. !!

Even Calif.'s LAW grants to Him A Hearing! The State Failed To Grant Him His 1st, Amendment Rights — To Be Heard! WE claimed His 61 yrs. Life Sentence of residential Burglary was Very UnConstitutional because it is so Disproportionate To His Conduct it — "Shocks the Conscience" and offends fundamental — nations of Human Dignity." (In re Lynch, 8 Cal. 3d. — 410, at 424.)(1972). And Cases in Accord ..."

※※ Petitioner's Trial Counsel Failed To Investigate The Facts or present them (Absent) those Omissions and Trial ERRORS by His Legal Counsel, The results of The Trial would have been different. He Failed To Defend His clients Fundamental Constitutional Rights. See, cf., (In re Huffman, 42 Cal. 3d. 552, 229 CR. 789.)(1986)("Misinterpretation of Statute LAWS" — & Confinement in EXCESS of THE LAW — "LACKING FUNDAMENTAL - FAIRNESS)." Vic, (STRICKLAND, supra, 466 U.S. at 668-686, & 690.). PREJUDICE ........
Cf., (Brown V. Mayle, 283 F. 3d. 1019.)(CA. 9th, Cir. 2002)(Disproportionate Sentence.)"
(His TRUE Reputation Issues:-    End of GROUND ONE. Cont'd.)
He Is A Highly Decorated WAR Veteran (KOREAN WAR) (1950-1953) Against COURTS PREJUDICE ... etc ...

END of GROUND ONE:-

(4)

**(b) GROUND TWO:** CONVICTION NOT RELIABLE - BURDENS OF PROOF - NOT SATISFIED (SPEISER VS. RANDALL); (IN RE WINSHIP Supra). STATE DID NOT RESOLVE FACTUAL ISSUES ON THE MERITS.) No Full, Fair, Fact Finding Hearings.

Supporting FACTS (state *briefly* without citing cases or law): EXCESSIVELY — HARSH PUNISHMENTS; Due To Facts, Even (IF) Guilty = The Factual - EVIDENCE Reasonably seen are MISDEMEANOR — EVIDENCE' ..... At Best! , EXACERBATING - MISDEMEANOR - EVIDENCE' into "SERIOUS FELONIES" is the USURPATION of A JUDICIAL PROCESS — Thus, The Spirit of THE LAW is ABSENT. It is Profanation..."

"THE SPIRIT OF THE LAW —— Is WHAT DICTATES JUSTICE") (JUSTICE, SANDRA DAY O'CONNER." United States Supreme COURT.

Likewise, is The Legal Principle' Done In The Best Interests Of JUSTICE' — Dictates TRUTH... ....OF JUSTICE, being Done.

Herein, Lacking Effective Aid of His LEGAL Counsel — results in One-Sided Proceedings. Profaning "The Truth Finding Functions of A JURY Trial" - The Uninformed JURORS were under (Profanation) in these ONE-SIDED PROCEEDINGS —— Lacking genuine Cross — Examination of Witness — The Trial was reduced To 'Farce & Sham' Proceedings. (Throughout.)

THEREFORE, The State Has No Factual Reliable- Evidence', To call either of These charges "Serious- Felonies"!! Petitioner was convicted on...

Cont. Page 1)

Did you raise GROUND TWO in the California Supreme Court?
☒ Yes ☐ No.

- (7)

GROUND TWO, (Page 1.):—

.....His Past Record — Under Passion, and PREJUDICE ( (State Records show Two Priors are 40 years past, and another was 36 years Past — Time Served No Violence! Under UnReliable Factual Evidence — He, was ~ (SENTENCED TO:) 60-Years To Life Sentence (CS) as are Merits/Grounds of Prejudice with "Excessive-Punishments" — Creating facts of "Cruel And UnUsual—Punishments."

Which were gained under UnReliable Fact Finding" — — Jurors Never Heard True Facts as explained — in GROUND ONE:— Herein, alleging with Ineffective Legal Counsel & WRONG UnLawful Sentencing, — EIGHTH & FOURTEENTH Amendments, Sections 1, & 2, violated, With No Fundamenal-Fairness" (sine qua non.) Shown in these Proceedings. A One-Sided Trial By Prosecution and a wholly Disproportionate Sentence Via., "Shocking The Conscience" in Case Law, ( In re LYNCH, supra, 8 Cal. 3d. at 424.), "and Which Offends Fundamental notions of Human Dignity." ! (Id. at p. 424.)"       His Trial Lawyer Failed To Do Any Investigation, and Failed To Seek Assistance of an IDENTIFICATION EXPERT" — A Very Crucial ERROR" — — Denying His Fundamental Rights (Reasonably) to "A Fair — — Jury TRIAL", herein lacking "TRUTH FINDING FUNCTIONS — — OF A TRIAL")" —— A Requirement By His Past — — Convictions !!

        On the Second Change one month Later Where He was arrested — Whereby, He NEVER Entered.....

(1)                                          See p. 2.)

GROUND TWO, Page 2.):-
....that Residence Apt. — The Judge LAURA HAMMES,
Told the JURORS That putting any part of your
Body into The Apartment is a 1st Degree Burglary ??
** (Remember That, mere conduct TheState Tacked on —
** 30 more years on His Sentence — That's Not Lawful
— it is Shameless conduct.)   (Truth Be Told):- "
FACTS in This Case, His Hand Reached into Open —
Window To Push Back The Blinds (of Bedroom), and
He called out, "Are You Awake?"   No Answer So—
— He Left!   Check:- The PREJUDICE Here:-
**  THE  PROSECUTION  EXACERBATE(S) Those
(above) Facts, and Blatantly LIES To The JURORS!!
Falsely claims The Defendant Ran Off ??
Defendant NEVER RAN OFF — — — His LEGAL
Counsel (Mr. BERKON) NEVER Objected To Those
(LIES), nor, To [ANY] PREJUDICIAL TESTIMONY. !
    Worse, (Mr. BERKON) NEVER   INFORMED
JURORS of The True FACTS of WHY Defendant was
at The HILLCREST Apt. COMPLEX — Was To Find
A Friend.   Defendant and His GIRLFRIEND (ESTER)
Lived There at 4053 8th Avenue, Apt. No. 43, San Diego, Cal. d.
**  Moreover, that (Concealment) ALLowed Prosecution
  TO so Manufacture His—Circumstantial—EVIDENCE—
— Case" — EXACERBATING THE FACTS" ("UnEQUAL Hand—
of Justice" Citations)" Taking Supreme Advantage over
Such  Defenseless Man  (DisRegarding) His Human Dignity....
                (2)                    See p. 3.)

## GROUND TWO, Page 3.) (Insert Page):-

### His Reputation Issues:-

## FOR DEFENDANT'S/ PETITIONER'S HIS TRUE REPUTATION IS DUE CONSIDERATION; AGAINST TRIAL COURTS PREJUDICE, et.al.:-

(KOREAN WAR)(1950 to 1953)

Petitioner would appreciate This Honorable — United States District Court, To Be Aware & Understand — that He Served & Fought For His Country Honorably. FACTS:- That He is A Decorated WAR Veteran. (Service No. 384-12-78).

He was in Boot Camp in 1950 at The Naval Training Center When The Korean War Broke out. Petitioner was assigned to The U.S.S. UNION — (AKA) 106 (An Attack Cargo Transport.) While overseas in Japan, He applied for U.D.T.) i.e., Under Water Demolition Team Training.). Petitioner passed His 4- -Months of Training at Coronado (Amphibious Base), and He Became A U.S. NAVY FROGMAN in TEAM 4.)

Our Team 4, saw action in KOREA, and WE Received The PRESIDENTIAL UNIT CITATION; HE ALSO, Received A GOOD CONDUCT RIBBON, and AN Honorable DISCHARGE (Served) from 1950 to 1955.) If you choose Verification The F.B.I. will Confirm. Service Number 384-12-78.). Verification

(Insert Page) Between Pages, 2 & 3) — — of GROUND Two!

Federal Habeas Corpus Case No. 3:06-2112-WQH)

GROUND Two, Page 3.):-

... With EXTREME PREJUDICE' - Egregiously mis-using His Long past CRIMINAL RECORD. Where, Therein, His Past ACCUSERS Did Have Reliable Evidence! Check:- Herein, There exists No-Reliable Facts or, Material-Evidence - To Support The Record. No Breaking and Entry; No Relevant - Material-Evidence; and No Violence Involved!

＊＊( The State Appellate & SUPREME COURTS Failed To Acknowledge such Facts of (UnEqual Justice?) or Mob - Rule as in (Moore V. Dempsey, supra).

Likewise, The 2nd (Alleged) Penal Code Sect. 459, Convic--tion, did NOT Satisfy any Reasonable Test, of 1st, Degree Burglary - No Entry; No Property Taken on April 10th, 2003- APT.#27, San Diego. NO VIOLENCE Nor, any Physical Injury To ANYONE. (He was Sentenced 30-Years (cs) upon such flimsy UnReliable Evidence.)!

Moreover, It is A LEGAL, and A MORAL OUTRAGE' TO SENTENCE Petitioner to 60-Years (cs) To Life, (BECAUSE OF HIS PAST.)!

Moreover, Allegations are, that this OUTRAGEOUS UnConstitutional Sentence are i.e., EX POST FACTO Violations of Due Process; and Lack of Fair, Impartial Sentencing.

＊ NOTICE:- He will argue (Issue) These EX POST--Facto grounds Separately! (Cont). ...")

The RECORD Here & with Extreme Prejudice' appears to be as "Under pervading influence of the - Mob" — Denied Him His Federal Constitutional - Rights To A Fair Trial, (Moore V. Dempsey.) supra,...

(3)

See p. 4.)

GROUND TWO, Page 4.):-

... (Moore, cited with Approval). In, (Peyton V. Rowe, 83 S. Ct. 1549, 391 U.S. 54, at 56 & 60, 20 L. Ed. 2d. 420, at 426, — at 428 & 430.) (1968) Whereas;

### HEARINGS ARE MANDATORY:-
#### (Above Case Laws Grants):-
"Opening The Door Of Inquiry":-

Petitioner is forthwith Challenging 1st, Amendment Violations LACK of "FULL DISCLOSURE"; That The State Failed To Satisfy Their "Burdens Of Proof" for Any 1st, Degree Burglary Conviction in Both P.C. 459 Charges. The Lack of genuine Due Process at Trial, in Appeals, and Denied Habeas Corpus Relief.

ALL Rights Pursuant to:-"EQUAL PROTECTION OF THE LAWS" are i.e, Violated. (United States Vs. Nixon, supra, 418 U.S. at p. 709.) (1974); (Speiser V. Randall, — 78 S. Ct. 1332, at 1342-1343, 357 U.S. 513, at 525-526.)....

✳✳....and cases in Accord.).

Under These Extra-Ordinary Facts of Extreme Prejudice (Disregarding) Federal Constitutional Rights By All State Courts in This Case; Alleging 'Abuse — of Process' — EXCESSIVE PUNISHMENTS, amounting to Eighth Amendment, Violations; Under UnReliable Fact Finding; ; Alleging The State provides No Corrective Process' for such ...fundamental Constitutional Rights Violation(s).

### HEARINGS ARE MANDATORY:-
#### "OPENS THE INQUIRY."

Under, (Peyton V. Rowe, Supra, 20 L. Ed. 2d. 420, at pages 426, 428, 430, 391 U.S. 54, at p. 56 & 60.) (1968), cases in ACCORD.).

<center>(4)</center>

See p. 5.)

GROUND Two, Page 5: ):-

Page 428 :- "This case concerns The Scope of 28 U.S.C. Section 2241(c)(3), which specifies that the United States District Courts may issue Writs of Habeas Corpus on behalf of prisoners who are "in custody in violation of the Constitution .... ...of the United States." (Id. at 428, 391 U.S. at 56.)."

Page 430:- "At Least tentatively, in (Frank V. Mangum, 237 U.S. 309, at 330, 331, & 346, 59 L.Ed. 969, at 981, 35 S.Ct. 582.)(1915); and more clearly in, (Moore V. Dempsey, 261 U.S. 86, at 91, 67 L.Ed. 543, 43 S.Ct. 265.)(1926). "This Court had Recognized That a District Court was authorized to Look behind The bare Record, of a Trial Proceeding and conduct a factual hearing to determine the merits of alleged deprivations of Constitutional Rights, & fn.14. (emphasis supplied)(Opens The Door of Inquiry.).. .......... (Id. at 430, 391 U.S. at p. 60).

Moreover, We believe it is in Petitioners and The Public People's Best Interests, To Address these Substantive Issues The Underlying Facts and ABUSE & misuse of "THREE STRIKES LAWS" — with EIGHTH — AMENDMENT's Violations, upon the Personal Loss of Liberty Interests of Petitioner Via, NO FAIR TRIAL; No Impartial Appeals; and No Corrective Process in Calif's Supreme Court Failing to secure any of His guaranteed Fundamental Constitutional Rights.

Calif. SUPREME COURT, Habeas Corpus (Attached hereto)... Evidence No Fair Trial EXISTS, nor Appeals, No FULL, ....

(5)

# GROUND TWO, Page 6:):-

......No Fair, Fact Finding Hearings, were Allowed. See, (Townsend V. Sain, 372 U.S. 293, at pp. 312-313.)(—(Sub. divs. 1 to 5.)(1963).   Mandatory....,'

Allegations :- "The Totality Of Circumstances" — Presented in this Instant Case, Compel A Determination That this Potential Life Sentence imposed for Two Counts of Residential Burlglary with (UnReliable—Indentification) is DisPROPORTIONATE TO THE  CRIME ("Shocking The Conscience")(Citation Cited); And THEREFORE, Constitutes "Cruel and UnUsual Punishments," In Violation of Article I, Section 17, of The California Constitution and (Trop V. Dulles, supra, 356 U.S. 86, at p. 101, 2 L.Ed. 630, at 641, 642, 643.)(1958). ")  Petitioners Conviction must THEREFORE, Be Reversed In  The Best and TRUE Interests Of JUSTICE."
                    END of GROUND TWO.  Also,

See, THE SUPREMACY CLAUSE:-
" The Federal CONSTITUTION IS THE  SUPREME LAW OF THE LAND."(Article III, Section 1,  of The California Constitution; (Article VI, Section 2, The  United States Constitution. "

          (Page 6)        Cont.):- See,
                                GROUND THREE,

COPY

(c) **GROUND THREE:** DENIED HIS RIGHT TO STRIKE (2) FORTY YEAR OLD PRIORS; AND 30 YEAR OLD PRIOR; PENAL CODE SECTION 1385 (A) IN BEST INTERESTS OF JUSTICE;

Supporting FACTS (state *briefly* ~~without~~ citing cases or law): DELiberate INDIFFERENCE" our Federal Rights Secured in Due Process, and "EQUAL Protection Of THE LAWS (Clauses) of (sine qua non)" for The "Fundamental-Fairness."

Without the element of PREJUDICE; "The COURT Has The Power and Discretion to," Strike PRIORS IN THE INTERESTS Of JUSTICE"; P.C. Section 1385 (A).

Moreover, (INStant Case) under These flimsey UnReLiable IDentification FACTS — With such "InSufficiency of the Evidence — With Non-VIoLENCE, No INJury To Parties." In, (People V. Superior Court, (ROMERO) 13 Cal. 4TH, 497 at p.508, 53 Cal. Rpth. 784, at 793.) ("Citing With Approval):—(People V. Burke, 47 Cal. 2d. at pp. 50-51, 301 P. 2d. 241.):—"Instead, The Order Striking such allegations Simply embodies This Court's determination" That, "In The Interests of Justice," Defendant should NOT be required to undergo a statutory increased penalty which would follow from Judicial determination of [The Alleged] Fact) (Id. at p.50, 301 P. 2d. 241.) (Burke) (Id. at 793, 13 Cal. — 4TH; at p.508.) (ROMERO)." DisREGARDED Herein,......

The Superior Court & Court of Appeals, 4TH, Appelate District & Calif. SUPREME COURT Should have ReDUCED The Current PRIORS-FeLonies To:-

Did you raise GROUND THREE in the California Supreme Court?    Cont.)...

☒ Yes ☐ No.

(8)

# GROUND THREE (Page1):-

....to "WOBBLERS" Offense (Reasonably) To Mis Demeanors" Upon The Facts (And Underlying Facts) under Penal Code Section 17(b). Allegations:- California SUPREME COURT failed to consider Due Process, with Compassion, and Mercy nor, any Acknowledgements of "The Spirit of The LAW, WHICH DICTATES JUSTICE" (Citations)."

In, (Garcia, 20 Cal. 4TH, 490, at 500 to 503.) Whereas, (The Defendants/Petitioner's History Does Not Include ANY Actual Physical Violence.) (Id. 500-503.)"

✱✱ State Courts per se' Failed (to even consider) To STRIKE Mr. ALVAREZ'S Pen. Code Section 211, "In The Interests of JUSTICE." FOR A Variety of REASONS. The First Being Mr. ALVAREZ'S PRIORS — Are Far too Remote in Time!

The First two Robbery Convictions alleged as STRIKES' are 40-Years OLD, occuring in 1965! The Third Strike' PRIOR Robbery Conviction is 36 Years OLD, occuring in 1970! Especially, with Insufficient Evidence and Lack of A genuine, A Fair Trial, are Rational REASONS FOR STRIKING His 40 Years Old Priors, ...and His 35 Year OLD Prior — Convictions Truly! In The Best Interests of Justice.

## Issues Of Humanity & Human Decency!

In GROUND ONE, We raise The Issue of This One-Sided Trial and Calif. Court(s) Not showing any justified Concerns for The Petitioner's 'Human Dignity' with Human Decency — The Disproportunate Sentence — Should "Shock —

(1)

see p. 2.)

# GROUND THREE, Page 2):-

"...The Conscience" of ANY Reasonable, Rational People, in A Civilized Society. Giving any 75-Year Old Man — a SIXTY YEAR (cs) Sentence To Serve, offends Human Decency (UnWarranted By His Conduct — would be

✱ Seen as, "Cruel and Unusual-Punishments" — cannot be Justified by Defendants/Petitioner's Conduct. Herein, The Petitioner Likewise, in Townsend Case, He Has Been Denied ANY Corrective Process, Cf.,) To Correct

✱✱ What is Materially-False — Consider what SUPREME COURT Determined, In, Cf, (Townsend V. Burke, 334 U.S. 736, at page 741, 68 S.Ct. 1252, at 1255, 92 L.Ed. 1690, "The Supreme Court struck down A Sentence, whose — duration was predicated upon materially false factual Conclusions drawn by The Trial Judge:— "It is not The duration or severity of This Sentence That renders it Constitutionally Invalid:—

✱✱ — It is The careless or designed Pronouncement of a Sentence on a foundation so extensively and materially false — Which The Prisoner Had No Opportunity To Correct — by the services which Counsel would provide, that renders The proceed—ings Lacking in Due Process." (emphasis supplied)/ 334 U.S. at p.741, 68 S.Ct at 1255.) Cited in, (Soloman, 422 F.2d. 1110, at pp. 1120-1123.).   We, Claiming Throughout These GROUNDS & Facts The States conduct — throughout —

✱ renders it all Constitutionally Invalid et cetera, etc.!

Moreover, there is an Extreme Hardship Put upon the Petitioner with These Deprivations...

(2)    see, 3.)

GROUND THREE, Page 3.):-

"....of His Fundamental Federal Constitutional —
— Rights" with this (Alleged) (Illegal 60-Years Sentence)
without Reasonable Cause" — as Explained in GROUND
ONE, Page 4. We are dealing with a 75-Year Old —!
— Man — falsely convicted — Whom Has A Mother!
Who is 98-Years of Age — Who desperately Needs
Her Sons assistance Now! Also, He is A Decorated Veteran...
                    PAUSE:-              ...(Korean WAR...."

"PETITIONER'S Potential LIFE SENTENCE
For Two Counts OF RESIDENTIAL BURGLARY"
is "UNCONSTITUTIONAL" BECAUSE It's So —
DisProporTionate To His CONDUCT That IT :-
"Shocks The Conscience" and Offends Our Funda—
—mental Concepts OF Human Dignity."......
(In re LYNCH, supra, 8 Cal. 3d. 410, at 424.)(1972)."

                        END OF GROUND THREE.

    COUNTERPOINT:-
Cf., In, (Brown's V. Mayle", COURT'S CONCLUSION p. 1040.)
In said CONCLUSION, WE are only (Emphasizing Same)!
"25 Years To Life Sentence" Determined as Violating
EIGHTH Amendments Prohibitions Against "Cruel
and Unusual Punishments', "GROSSLY DISPROPORTIONATE"
To His Conduct." (Id at 1040.) (BROWN V. MAYLE, 283
F. 3d. 1019, 1025, at 1039-1040 — CONCLUSION.) CA.
9th, Cir. 2002)."

                        END OF GROUND THREE.


                    (3.)                    See GROUND FOUR:-



✱ COPY ✱

(d) **GROUND FOUR:** UNCONSTITUTIONAL APPLICATION OF 3-STRIKES LAW TO PRE-1994 PRIORS; ARE EX-POST FACTO VIOLATIONS (AGGRAVATIONS); And EIGHTH AMEND, VIOLATIONS.

Supporting FACTS (state *briefly* without citing cases or law): Petitioner is NOT Alleging That The California "THREE STRIKES LAW", IS AN EX-Post Facto VIOLATION By way Of "Increasing The Term Of Imprisonment" Of A Prior Felony Conviction. Petitioner is Affirmatively Alleging (A) 3-STRIKES LAW AGGRAVATES A Crime, or makes it Greater Than The Past — When it was — committed, — By Determining That The Aspect Of a Prior Crime, Which Constitutes A Previous Conviction (Time Served). Is now more serious & Requires Greater Punishment — Under New LAW is our Issue ... Or it (B) it changes The Punishment — To That Aspect Of The Prior Felony, — Which Is ... Punishable For Being A PRIOR FELONY Conviction ; Than The LAW ANNEXED To The Crime, When Committed ; And (C) "ALTERS THE LEGAL Rules Of Evidence and Receives or Requires Different Testimony & Facts Than, The LAW Required, at the time of The Commission of The Offense, in Order To Convict The Offender." See : (Calder Vs. Bull, 3 DELL. 386, at 390 ; 1 L.Ed. 648-650.) (1798) ; — (LYNCE Vs. MATHIS, 117 S.Ct. 891, at 896 — 898.) — (1997); Citing: (WEAVER Vs. GRAHAM, 450 U.S. 24, At pp. 30-32, 101 S.Ct. 960, 966, 67 L.Ed. 2d. 17.) (1981); & "Lacking Fundamental-Fairness" requirements....

Did you raise GROUND FOUR in the California Supreme Court?

☒ Yes ☐ No.

(9)

TAKE JUDICIAL NOTICE! ⟶

Cont.) :—

ADDITIONAL PAGES (FVI) :—
Federal Constitutional Rights
1st, 5th, 8th & 14th AMENDMENTS.
... Violations.

GROUND FOUR, Page 1.):—

... in The Fourteenth Amendment,   Consider:—

THE THREE STRIKES LAW (Cal. P.C. Section 667, Sub.—DIVS..... (B)-(i) Provides That If A Defendant Has One PRIOR Serious Or Violent Felony, the Prescribed — Sentence is "Twice The Term, Otherwise Provided — A Punishment for the current Felony Conviction"; And IF The Defendant Has Two or more PRIORS—Qualifying Felonies The Prescribed Sentence "Is An In Determinate Term Of LIFE — IMPRISONMENT."

Whereas, The Additional Terms for previous Felony Convictions were between Two and Five Years; Prior To The Enactment OF THE 'THREE STRIKES LAW.'

**✳✳** Petitioner ALLeges That This violates The Proscription Against Creating EX Post Facto LAW, By State Court [Aggravating] The Seriousness of, And Inflicting Greater Punishment, Than THE LAW ANNEXED To That Punishable Aspect Of The Offense which constitutes Being such A Previous conviction. This weight of the PRIOR Conviction, as Evidence in The —(Instant) Convictions is Also Being Increased...

Whereas, The Evidence of The PRIOR Conviction, mandated an additional Punishment of Two, To Five Years Before THE THREE STRIKES LAW. ——

**✳✳** THE PAST EVIDENCE IS NOW — Mandating AN Additional PUNISHMENT OF EITHER Double The Sentence, or LIFE IMPRISONMENT. This factor InCreases The Defendants Culpability...

(1)

See, p. 2.)....

GROUND FOUR, Page 2.):—

...for having A Prior Offense, After it was already determined to be A Culpability Requiring (only AN) Additional Prison Term of Two To Five Years, at the Time of Commission.

As we Recognize In, WEAVER, supra,.... This RETROACTIVE Application Of (THREE STRIKES LAW) that governs initial Sentencing, Implicates The EX-Post-Facto, Clause (AGGRAVATES) THE SENTENCE INCREASING PUNISHMENT. (IBID). (LYNCE Vs. MATHIS, supra, 117 S.Ct. at 891-898.)(1997), Citing:— (WEAVER, supra, 450 U.S. At 30,32, 101 S.Ct. at 966, 67 L.Ed. 2d. 17.)(1981)."   The State Courts and it's Supreme Court Disregarded Petitioners Federal Rights, Article III, Section 1, California State Constitution... UNIFORMITY OF LAWS CLAUSE.

No Mandatory Hearings (Sine qua non.) served

IF The Legislature Had Determined That The 'THREE STRIKES LAW' Was applicable Prospectively Leaving ALL 'Pre-1994' PRIOR Offences with Their Original two to five year EnHancements Attributes, The Question of Their 'FAIR NoTICE' would Not Come into play.   However, When applied ReTrosp.—... ...ectively, So That even Two MisDemeanors can Result in LIFE IMPRISONMENT.

※※THE DEFENDANT IS DISADVANTAGED By Such A Change IN THE LAW FOR SOMETHING He Has NO Power To UnDo.  Violates Due Process.?

Q:—IF THE STATE CAN ARBITRARILY CHANGE THE 'LIABILITY' FOR THE FACT OF A PAST ACT To....

(2)

See p. 3,

GROUND FOUR, Page 3,):–

.....LIFE IMPRISONMENT; Then The State CAN ARBITRARILY INCREASE IT TO A DEATH PENALTY.? (THINK About it.) That is Not A JUSTICE SYSTEM. See, JUSTICE CHASE, In, (CALDER, Supra, at — at pages 390–391.) EVERY LAW That Takes AWAY, Or, ImPairs Rights Vested" — Agreeable TO EXISTING LAW Is Retrospective, and is Generally UnJust, and may Be oppressive; and it is a good — General Rule, That A-LAW Should Have No Retrospect.....")

HEREIN (PRIORS) OFFENCES (InSTANT CASE) The Previous (PRIORS) Offences That Were FORTY, And THIRTY Years Past Have Been Used, And, AGGRAVATED, Also, OF PUNISHMENTS INCREASE! To an (OUTRAGEOUS) SIXTY YEARS TO LIFE SENTENCE!

Allegations:— Which is A LEGAL, and A MORAL OUTRAGE in view of The Facts — Where THE STATE DID NOT CARRY (Satisfy) Their Legal "BURDENS OF PROOF" relying upon UnReliable EYE-Witness — No genuine or Adequate Cross EXAMINATION of Witness — No reliable Material-Evidence of Record' —The Jurors "Hood-Winked" By Prosecutor & The Judge' resulting in Wholly — DISPROPORTIONATE Sentence Via., The Facts & many factured evidence used.

For These REAL REASONS & CAUSES Petitioner Pledges That The "THREE STRIKES LAW" under these specific-Facts', Increasing & (AGGRAVATING) — The Sentence Violates The Constitutional Prohibition Against EX Post Facto LAWS. Art. I, Sections 9 & 10, U.S. Constitution. See (P. 4.)

(3)

GROUND FOUR, Page 4. ):-

ABUSE OF PROCESS, FOURTEENTH AMENDMENT.
Use of Explicit, and Mandatory Language in —
The Penal Code, has created such "LIBERTY —
INTERESTS" For The Petitioner, and EnHancement —
Terms of Only Two To Five years For PRE-1994"
Previous convictions. The "Three STRIKES LAW"
Has Increased Tolls Terms Constituting such
Arbitraryness, and By The State. It is well
established that mandatory statutory language,
Creates A Liberty Interest". Stated simply,
* * A State creates a Protected Liberty" by Replacing •
Substantive Limitations On Official Discretion.
(Kentucky DEPT. OF CORRECTIONS Vs. THOMPSON, —
490 U.S. 454, at 462, 109 S.Ct. 1904, at 1909, 104
L.Ed. 2d. 506.)(1989), citing:- (OLIM Vs. WAKINEKONA,
461 U.S. 238, at 249, 103 S.Ct. 1747, 75 L.Ed 2d. 813.)
(1983); AN IN ASSOCIATED DECISIONS; (BOARD OF —
PARDONS Vs. Allen, 482 U.S. 369, S.Ct. 2415, 96 L.Ed.
2d. 303.)(1987); (Green Holz Vs. Nebraska Penal Inmates,
442 U.S. 1, 99 S.Ct. 2963, 41 L.Ed. 2d. 935.)(1974); (Vitek Vs.
Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed. 2d. 552.)(1980);
; (Hewitt V. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.
— Ed. 2d. 675.)(1983)." The above & below legal Authorities
* are Protections that THE LAW Affords To Every Citizen,
Esp., to Prisoners, This Doctrine Finds Expression
in several provisions of our United States Constitution.
The EX POST FACTO CLAUSE FLATLY —
(4)                          see p. 5)

GROUND FOUR, Page 5.):-

— Prohibits Retroactive Application Of Penal — Legislation... Article I, Sections 9 & 10, Clause, — Prohibits States From Passing Another Type of Retroactive Legislation, Laws, Impairing The Mandatory Obligation of Contracts & for Due Process). THE FIFTH AMENDMENTS' Taking CLAUSE' Prevents the Legislature (And Other Government Actors) From Their Depriving Private Persons of their "Vested LEGAL", and Property Rights (Citations.). The Provisions on BILLS OF ATTAINDER, In Article — I, Sections 9, and 10, Prohibits Legislators from * Singling out "DisFavored PERSONS", And their ! Meting out Summary Punishments For Past — Conduct! See e.g., (United States Vs. Brown, 38 U.S. 437, at 456 to 462, 85 S.Ct. 1707, at 1718-1722, — 14 L.Ed. 2d. 484.) (1965)." Mark Time...!........

** In The Best Interests of JUSTICE, There Must Be Attributes Of "Compassion and Mercy, and UNADULTERATED TRUTH", IN SENTENCING! In Order to Satisfy THE SPIRIT OF TRUTH", and EQUITY. (MENS LEGIS)! (None Of Which Appears, IN THIS PREJUDICIAL & DisProportionate Sentence. (TRUTH BE TOLD): MARK TIME:- ** Mr. ALVAREZ i.e., IS A POSTER CHILD', FOR ALL That I S WRONG; IN SENTENCING UNDER 'THREE STRIKES LAW' Via., TURNING "WOBBLERS" — MISDEMEANOR FACTS AND EVIDENCE.......

(5)    See p. 6)    Continued....

GROUND FOUR, Page 6.):-

..... Into FELONIES..........
OVERWHELMING PREJUDICE!
NOT Serving ANY Public's Interests.
|| || ||

The TRIAL, and Sentencing    Judge —
LAURA P. HAMMES, Erroneously tries to
Justify Her LACK Of ANY Humane Compassion
allegedly acting in HER Self-Righteousness, and
PREJUDICE, perverting THE TRUTH, Claiming The Petitioner
Mr. ALVAREZ, "Is "A POSTER CHILD" FOR THE
"THREE STRIKES LAW", Which is The EVIL, and
WRONG ATTITUDE for A Judge — Not Objective, nor Legal.
"IT Appears She Loves the "EVIL-EYE" & UnEqual —
— Hand of Justice". (Wong Sun V. United States, 371
U.S. 471, at 487 & 488, 491.) (1963) And Cases in ACCORD!
PETITIONER, TAKES THE CORRECT OPPOSITE
VIEW and Righteous Position! As A Righteous
Expression of What :-
    "EQUAL JUSTICE UNDER LAW" (MEANS.):-
Thus, Mr. ALVAREZ, is A POSTER CHILD,
Exactly FOR ALL THAT IS WRONG in UnEqual
Provisions, In, "THREE STRIKES LAW". Some
Specific, ERRORS, and ABUSES, Serving — No
Public Interests, & No Penological Objectives. served....
    Petitioner's case is An Example of What is so
Terribly WRONG, and Missing in this Present —
    "THREE STRIKES LAW." (No Corrective Process).!
        (6)        see p. 7.)

GROUND FOUR, Page 7.) :—

..With This CLEAR TRUTH, and [ADMONITION] that This (1997) THREE STRIKES LAW"— It's NOT THE LAW, That THE PEOPLE OF California Voted FOR In Approval FOR Violent OFFENDERS (1994).

✳ Moreover, WE DO NOT BELIEVE, that THE PEOPLE of California ——— Infact InTended To Make mis-Deamor—Crimes "Punishments" subject To —25—Years To Life! This Fact Should Not Be — Concealed from The Public At Large...... !

E.g., With The "High—Probability" Sentencing Him To 60-Years To Life Upon These Forty — and 38 Year old PRIORS, is Indeed Marking — Him "A POSTER CHILD"— as A Victim of JUDICIAL ABUSE OF POWER & Excessive 8th. Amendments — PUNISHMENTS —Which is Honorably Protected —!

—Under :— ( WEAVER Vs. GRAHAM, Supra, 450 U.S. at 30, 32, 101 S. Ct. at 966, 67 L. Ed. 2d. 17.) (1981); United States Constitution, Article I, Sections 9, and 10, & Cf.; Article III, Section 1, California Constitution — Prohibits The state from passing Ex Post Facto — LAWS." The Due Process Clause of The FOURTEENTH AMENDMENT was Intended To Prevent Government From Abusing (THIS) Power, or Implementing it as ✳ an Instrument Of OPPRESSION, ( DAVIDSON Vs. Cannon, 474 U.S. 344, at 348, 106 S. CT. 668, at 670, 88 L. Ed. 2d. 677.) (1986); See also, ( Daniels Vs. Williams, 474 U.S. 327, at 331-332, 106 S. Ct. 662, at 665, 88 L. Ed. 2d. 662.) (1986); (— ("To Secure The Individual From Arbitrary Exercise of Powers,...

See, P. 8.)

(7)

GROUND FOUR, Page 8.):-

.... of Government, and to prevent Governmental-
Powers from being used for Purpose Oppression.); In,
(Parratt V. Taylor, 451 U.S. 527, at 549, 101 S. Ct. 1908,
at 1919, 68 L. Ed. 2d. 420.)(1981). (Misuse of Power.)".
    Petitioner alleges, this Sentence was Un Constitutional-
founded in Lack of A Fair Trial, and Un Reliable Evidence—
materially—False" — Which The Prisoner Had NO
Opportunity TO Correct — Setting The RECORD Straight.
    "Mandatory Hearings Required." ing
        sees (Ground Two:-
    Petitioner alleges His Sentence of Total" SIXTY Years
TO LIFE IS Legally & Morally WRONG &(Disproportionate)
to The Underlying-Facts" —— EVEN IF He was Actually—
Guilty?? Sentencing Mr. ALVAREZ, upon FORTY,
and THIRTY Year OLD PRIORS, Violates ALL The LAWS
(Cited) and Violates The Rules & LAWS of Human Decency
— & Respect for the LAW.). Petitioner Has "Constitutional Rights
to "Expectations", to Receive "Honesty and Fair Dealings"—
from ALL COURTS and ALL Prison Officials" as so, !
    ANNUNCIATED By the Calif. SUPREME COURT, In,
(People V. Ramirez, 25 Cal. 3d. 260, at 267 to 270; 158 Cal.
Rptr. 316, at 319, 320-321, 599 P. 2d. 622.)(1979.) "
        GUARDIANS OF INDIVIDUAL LIBERTY!
    "Federal Court's Duty & Responsibility is.... being
The Guardians of Individual Citizens Constitutional Rights",
as being of paramount concern."". (Exparte Virginia, (1879)...
....100 U.S. 339, at 348.); (Mitchum V. Foster, 407 U.S. 225, at 242.)!
        (8)        See p. 9.)

GROUND FOUR, Page 9.):-

See also, (Peyton V. Rowe (Va. 1968) 83 S. Ct. 1549, 391 U.S. 54, 20 L. Ed. 2d. 420.) ("The writ of Habeas Corpus is both The Symbol and Guardian of Individual — Liberty." (Ibid.).; (Boydston V. Wilson, 365 F. 2d. 238.)."

## FEDERAL LAWS VIOLATED.

"Where a Trial and a Sentence are VOID By A LAW (or LAWS) of The United States, any CUSTODY Under them is a violation of That LAW, Relief may be obtained under Habeas Corpus, in The Courts of the United States." (In re Filton, 55 F. 271.) (Vt. 1893.); (Harris V. Nelson, 394 U.S. 286, at 292.) (1969); (Fay Vs. Noia, 372 U.S. 391, at 424, & 440-441.) (1972). See also, Article III, Section 1, The California Constitution.).!!

## A SYSTEM OF UNEQUAL JUSTICE!

FACTS :- The Calif SUPREME COURT LIVES BY Their DisRegarding 'The Rule Of LAW' & CONSTITUTION. (It's Politicized LAW.). Petitioner's Case is A 'Victim' of (MOB Rule's PREJUDICE — & DisRespect) ! Against The Poor and DisAdvantaged Citizens.

Petitioner seeks this Honorable Court To Restore, Honor and Secure ALL American Federal and Fundamental Constitutional Rights. He is Seeking ALL That THE LAWS Guarantees to Him & for All Citizens. ✻ Be ADvised Petitioner is A Veteran and served His Country in KOREAN WAR )! WE Like to see, sweet Liberty — And JUSTICE FOR ALL' Secured! WE NEED TO — See (Again) "GUARDIANS OF INDIVIDUAL LIBERTY" Functioning For All.

END OF GROUND FOUR:-

(9)

See, GROUND FIVE:-

## One-Sided Trial

The Right of This Petitioner was Never Obeyed! "Lawyers in Criminal Cases are necessities — Not Luxuries." Their presence is essential because They are securing The Rights of Petitioner, The Right To Have effective assistance of Counsel."

(McMann V. Richardson, 397 U.S. 759, at 771 & footnote 4, 90 S.Ct. 1441.)(1970); (United States V. Cronic, 466 U.S. 648, 650-652, 80 L.Ed. 2d. 657, 662-663-664, 104 S.Ct. 2039.)(1984). Lacking Effective Counsel at Trial and At Appeal! No Advocacy Herein. The Appellant Counsel Must be "An Active Advocate, Not a mere friend of the court", in, (Anders V. California, 386 U.S. [738] 18 L.Ed. 493, 87 S.Ct. 1396,)(1967); (Evits V. Lucey, 83 L.Ed. 2d. 821, at 827-828, 829, 469 U.S. 387, at 395-396, 105 S.Ct. 830.)(1985); (Strickland V. Washington, Supra, Failed To Address or Adjudicate The Merits." (469 U.S. 395-396, 83 L.Ed. 2d. at 829, fn. 6.) See The purpose & Ultimate Objective", (Herring V. New York, 422 U.S. 853, at 862, 45 L.Ed. 2d. 593, 95 S.Ct. 2550.)(1975)(Id.at 665)(Cronic,) Supra, above)

**COPY**

(d) **GROUND** FIVE: PETITIONER'S SENTENCE, SIXTY - YEARS TO LIFE IS UNCONSTITUTIONAL; IT IS DISPROPORTIONATE TO HIS CONDUCT; Substantive Violations of 1st, 5th, 8th, & 14th AMEND. VIOLATIONS.

Supporting FACTS (state *briefly* ~~without~~ citing cases or law): Petitioner, Has indeed EXHAUSTED ALL FACTS & GROUNDS Hereon — Appeals & ALL 5-GROUNDS on Habeas Corpus.
MANDATORY HEARINGS
ARE REQUIRED.
Petitioner Has NEVER Had Any Due Process Hearings to correct Materially-False-Evidence & His Illegal Sentence, Or, To correct ARBITRARY Deprivations of His Vested Liberty Interests Because of What The State Is Doing To Him; while under Materially False Factual Conclusions. Petitioner Has Been Falsely convicted under (The Official MOB'S Rule & PREJUDICE) and Deceit Likewise, as in, (Moore Vs. Dempsey, supra, 261 U.S. 86, at p.91). Allegations:- The "EVIL-EYE" & "UnEQUAL HAND OF JUSTICE" is Present in these Proceeding, more so, warranting such, MANDATORY HEARINGS.
"Petitioner's Potential LIFE SENTENCE for two Counts of Residential Burglary, is UnConstitut-ional founded on False Facts & Deceit — it is so DisProportionate To His Conduct that it, "SHOCKS THE CONSCIENCE" And Offends Our Fundamental Concepts of Human Dignity." (Id. at 424.)
(In re Lynch, 8 Cal. 3d. 410, at 424.)(1972); "The California Supreme Court Held: "That A Punishment....

Did you raise GROUND FIVE in the California Supreme Court?
X Yes ☐ No.

Cont. see, Page 1, Et. AL,

(10)

GROUND FIVE, (Page 1.):-

". . . . . may violate Article I, Section 17, of The Constitution (IF) Although NOT Cruel or Unusual in it's Methods, it is so DISPROPORTIONATE To The conduct/crime for which it's inflicted, that it 'Shocks The Conscience' and Offends our Funda--mental Notions of His, of (Defendants)" (Emphasis Supplied) Human Dignity." (Id. at 424.)

Petitioner Alleges ALL of this Sentence is so 'SHOCKING TO THE CONSCIENCE'- Of (MOB RULE of PREJUDICE unwarranted) from His Past, upon Wrong Facts. Calif. SUPREME COURT, & Chief Justice RONALD M. GEORGE, Failed To Adjudicate The Substantive MERITS, & DisRegarded ALL Due Process Federal Rights of His Citizenship (Federal's granting such Authorities Cited.): (Throughout Proceedings.).

CONSIDER, WE DO NOT KNOW — ?

✳✳ IF The Chief Justice, RONALD M. GEORGE, Ever Read The Facts and GROUNDS ?? Or, IF ALL Supreme Court JUSTICES HAD ANY Genuine Opportunity To Examine THE RECORD/MERITS ??

✳ Obviously (The SIX TON Elephant) was in The Room! The State's Appellate Court & SUPREME COURT— Absolutely Failed To Acknowledge such facts of 'prima facie' UnEqual JUSTICE — Nor, to Recognize (The Official's MOB Rule of PREJUDICE & Deceit) as was seen in (Moore V. Dempsey, supra, at p. 91.)"

(1)

Cont. see, P. 2.)

GROUND FIVE, Page 2.) :-

Which warranted ipso facto :- "Opening The Door Of Inquiry" — of How, with No Reliable Material or Physical Evidence (MisDemeanor(s) — Become Felonies Via, (Manufactured Evidence)! The Factual TRUTHS' Are Defendant/Petitioner NEVER Had Any Fair-Trial" (One-Sided). With NO Aid or Assistance, To present His Defenses with In Effective & InAdequate Prejudical Legal Counsel. "With A Trial Judge' Lacking required (Discernment For A Fair Trial) Lacking with ! "FULL DISCLOSURE" and Lacking Compassion, Concern for Human Dignity Rights of Dis Advant— aged Defendant/Petitioner. Absolutely No (None) Fundamental-Fairness' in Evidence — in TRUTH and REALITY — There Never was reliable-evidence, esp., in 2nd, charge of Any 1st Degree (Pen.Code.Sect. 459.) — —BurgLaries! ALL under Manufactured UnRel — —iable, Evidence, so much so, which "SHOCKS THE Universal Sence & Conscience of JUSTICE." (Citations). Cf., (Trop V. Dulles, supra, 356 U.S. 86, at page 101, — 2 L. Ed. 630, at 641 to 643.) (1958). "

CONSIDER REQUIREMENTS RESPECTING
HUMAN     DIGNITY  RIGHTS.

Do Consider This Judges Decision in, (La Reau V. McDougall, supra, 473 F. 2d 974, at Page 978 & footnote 7.) :-

(2)                                    see P. 3.)

GROUND FIVE, (Insert Pages):—
Between Pages:—2 & 3.)
TAKE JUDICIAL NOTICE:—
We Are Dealing with 1st, 5th, 8th, & 14th, AMEND. Violations.
"RIGHTS TO BE HEARD" WITH
"FULL DISCLOSURE" ISSUES.
Petitioner Does Not Believe That The CLERK
For Calif. SUPREME COURT, Mr. F.K. OHLRICH, CLERK:—
Did Photo Copied Original Supreme Court Habeas
Corpus Writ" and Served All 7-Supreme Court —
Justices and Their LAW CLERKS? WE DO NOT
Know (for A Certainty) if Chief Justice RONALD M.
GEORGE, ever Had Any Opportunity To Review
These Substantial Due Process Rights, Fundamental
Constitutional Violations of THE —
FIRST, FIFTH, EIGHTH & FOURTEENTH Amend—
—ments ?? Violations. Article III, Section 1, Calif.'s
Constitution. Here CENTINELA STATE PRISON (CSP) —
"C" Facility LAW Library Will ONLY make 3-Copies—To—
ANY Courts! Therefore, Petitioner & Prisoners are Denied
& Deprived 1st & 14th, Amendment Rights ACCESS TO COURTS —with
Due Process & "EQUAL PROTECTION OF THE LAWS" Under Principles
of "FULL DISCLOSURE" And "RIGHTS TO BE HEARD".
As Petitioner's Due Process Rights,
To Have His Issues & Constitutional
Rights To Be Heard & Determined By
All Justices as They Claim IN BANK.)
See page (B)
Page (A) Insert    see p. (B)

Insert Page (B);- Cont.):-

See, Clerk's Legal Letter Request = Attached Behind - Last Page of STATE H/C FORM in Front of Exhibits it cannot be overlooked (Consists of 4-Pages). ! This Issue Requires "Strict Judicial Review". ).

EQUAL PROTECTION OF THE LAWS - CLAUSE.

※ ※ This State BUREAUCRACY System is Depriving Prisoners of ACCESS TO COURTS Rights - Where We can only serve One Copy To The Courts! Under guaranteed Rights to "FULL DISCLOSURE" To 7-Supreme ※ Court Justices. With A State Dedicated To Serving The People (regardless of Class) We Suffer from Discrimination et cetera, etc... !

DATED: Sept. 26ᵀᴴ, 2006        /s/ Anthony Alvarez

                              ANTHONY ALVAREZ,
                              V-12145; Q-Facility, Q-1-125-L,
Case No. 06-2112-(WQH).       CENTINELA STATE PRISON
                                          #92251)

                              In Pro Per,......

          INSERT PAGE (B)
        Between GROUND FIVE Pages 2 & 3.

Nothing is more fundamental To provision of A Fair Trial — Than right to impartial Jury. (Miller V. State of (N.C. 1978.) 583 F. 2d. 701.);

(Live Nerve) issue,

# GROUND FIVE, Page 3:):-

... At Page 978.):- "Prison Officials, No Less than Sentencing Judges, are Bound by the Strictures of the EIGHTH Amendment." **** *** *** "In Order to preserve The Human Dignity of inmates and the standards of Humanity embraced by our Society, WE CANNOT SANCTION such Punishments." See, (Trop V. Dulles, supra, at page 101.).

Page 978 Cont.) "And the "CONSCIENCE" — (8TH Amendment.) of The Clause is concerned with is The Collective Conscience of our Society, — — NOT The Conscience of Judges or Prison Officials as Individuals." (emphasis supplied.) (Id.p. 978".)." Check:- For The FULL TEXT of This [Admonition] See, in GROUND ONE in — Pages 3&4) - No Rights To A Fair Trial etc.).

" "  " "  " "

Allegation:- This (Disproportionate Sentence of 60 Years To Life (cs) "SHOCKS THE CONSCIENCE" of ANY REAL PEOPLE —Objectively.

WE NEED Our Federal Courts TO Be Guardians of Individuals Constitutional Rights'- Dedicated To The Rule of LAW' —(Dedicated) To — Serving THE TRUTH and JUSTICE Principles-FACTS. NOT in Covering-Up' The Truth' in Profanation Via., "STONEWALLING THE LAWS" —— California COURTS STYLE — DisRegarding Federal Due Process Rights +LAWS —— Masquerading Justice!

See, Authorities in GROUND FOUR — at pages 8 &9.)    (Cont.)

(3)

See Page 4.)

# GROUND FIVE, Page 4.):-

Essentially, Petitioner's Legal Claims are That "THREE STRIKES LAWS"— Increased His Punishments — with Severe and (AGGRAVATIONS) — that "SHOCKS THE CONSCIENCE" and Offends His — Human Dignity Rights; Likewise, (EXACTLY) it is Offending Our Federal and State Constitutions —! which Prohibits EVIL; But Honors & Secures — Concepts of "The Spirit OF THE LAW", Which — Dictates genuine JUSTICE", as in THE TRUTH, in The Mind Of The LAW. (MENS LEGIS).

✱ ✱ Check:- This (Twice Amended By Legislature) Not ✱ What The Citizens of California Voted For!! "THREE STRIKES LAW" Inflicts Greater In Humane — PUNISHMENTS, Than The LAW Annexed TO The Crime — When Committed FORTY YEARS PAST!

Alleging:- Such Unjust, UnFair LAW Offends, The United States Constitution in it's essence, (Identity) is for — EQUAL JUSTICE UNDER LAW! _ and — Not for EX Post Facto LAWS.....!

Petitioner Mr. ALVAREZ, Believes That He Has guaranteed (Federal Rights and LAWS) Protections From this Alleged Judicial Abuse & Misuse of Power under Both Federal and State Constitutions. (Citations) cited in GROUND FOUR pp. 8 & 9.) See also, — (City of Dallas, Et. AL. Vs. Mitchell, 245 S.W. 944, — at pp. 945-946.) (Texas-1992); It is the Duty of The COURT(S) TO Be Watchful for The Constitutional Rights of The Citizen, Against (ANY) Stealty......

(4)                    see P. 5.)

# GROUND FIVE, Page 5.):-

"....Encrochments Thereon." (Emphasis Supplied.);
(Moony Vs. Holohan, 294 U.S. 103, at 112-113.); see also.)
Article III, Section 1, California's Constitution.

    CITIZENSHIP VESTED 'RIGHTS' ARE TWARTED :-
California's COURTS Failed To Address or Adjudicate The Factual
Violations of Federal Constitutional Due Process guaranteed & Denied.
ThereFore, ALL of His Vested Citizenship "Rights are TWARTED)...
...To Prevent, Truth & JUSTICE TO TAKE Place! ! Supported By
ALL LEGAL Authorities for Relief cited herein, this Viable
Habeas Corpus "RELIEF & REMEDY" WiLL Be Governed
in Subordination (NOT) To The Proceedings; But "Opens
The Door of INQUIRY." Whether They Have Been 'Farce &
SHAM" Proceedings as claimed Offending Our —
LAWS & Constitution, Likewise Offending State Constitution.

    RESPECTFULLY SUBMITTED,
    I swear, certify and declare under penalty
of perjury ALL of the foregoing is ALL True ...
... and correct.    Dated and Signed Under Title
28 U.S.C. Section 1746.); and California's C.C.P.
Sections 2015.5.) Dated & Signed. Sept. Sept. 26th, 2006).
    ✳ COPY ✳    SINCERELY YOURS,

CONCLUSION — AND    /S/ Anthony Alvarez,
PROOFS OF SERVICE"    ANTHONY ALVAREZ,
Attached with    V-12145.) C-Facility, C-1-125-L.)
State HABEAS CORPUS,    CENTINELA STATE PRISON.
    & EXHIBITS.    #92251)
    In Pro Per, ......

# C O N C L U S I O N.

Petitioner PRAYS This Honorable Court will i.e., Address, Correct & CURE These Substantial Constitutional Merits Presented for Relief & Remedy, From Alleged EIGHTH-AMEMDMENTS VIOLATIONS — Prohibited By Both The Federal... ...& State Constitutions.   Trusting:—

THAT IT "SHOCKS YOUR CONSCIENCE." From it's EXCESSIVE PUNISHMENTS from FORTY year OLD PRIORS' EXACERBATING & Profaning The Purpose And Function of our Legitimate LAWS and — Constitution.

Petitioner Believes He Has Sufficiently — Shown this Honorable U.S. District Court, This Sentence is WRONG & Illegal Taking Advantage — Over A Poor & Dis Advantaged Man. Such Attitudes Should NOT Be What California's SYSTEMS & OFFICIALS... ........Are ALL ABOUT.   Discrimination / PREJUDICE. FACTS.

This Case Needs To Be Reversed Pursuant To ALL OF The Proper Relief & Remedies Provided for in ALL Legal Authorities cited Herein, and for.... ...the Common Good.

DATED: Sept. 26ᵗʰ, 2006),   RESPECTFULLY SUBMITTED,

**✳ COPY ✳**

H Anthony Alvarez

ANTHONY ALVAREZ,
V-12145, C-Facility, C-1—125-L,
CENTINELA STATE PRISON
Post Office Box—921,
Imperial, California #92251)

In Pro Per, ........

(40)

23. Do you have any petition or appeal now pending in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No.

24. If your answer to #23 is "Yes," give the following information:
(a) Name of Court: _____ NOT Applicable _____
(b) Case Number: _____ " _____ " _____
(c) Date action filed: _____ " _____ " _____
(d) Nature of proceeding: _____ " — " _____

(e) Grounds raised: _____ N/A _____
_____ " _____
_____ " _____
_____ " _____
_____ " _____

(f) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No  N/A

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing: _____ Unknown _____
_____ " _____

(b) At arraignment and plea: _____ " _____

(c) At trial: _____ RICHARD D. BERKON, Jr. ; 233 A Street, Suite 500, San Diego, California #92101 _____

(d) At sentencing: _____

(e) On appeal: _____ Attorney NANCY OLSEN, Encinitas, Calif. #92023/1153) _____ #92023

(f) In any post-conviction proceeding: _____ None _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____ N/A _____

(11)

*Case No. 3-06-2112 (WQH)*

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future: _____ NOT Applicable

   (b) Give date and length of the future sentence: _____ N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes ☐ No    N/A

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
   September 26th, 2006)

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

No. 3:06-2112-(WQH)

CaseNo. 3:06-2112-(WQH)

NONE    N/A
_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Sept. 26th, 2006)
(DATE)

H Anthony Alvarez
SIGNATURE OF PETITIONER

ANTHONY ALVAREZ,
V-12145.) C-Facility, C-1-125-L,
CENTINELA STATE PRISON
POST OFFICE BOX-921,
Imperial, Calif. #92251)

In Pro Se,.....

* COPY *

(12)

| Short Title: | Court Case No: |
|---|---|
| ANTHONY ALVAREZ V. Victor M. ALMAGER, Warden | No. 06-2112-(wQH). |
| | No. 3:06-2112-(WQH) |

**\*COPY\***

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My residence or business address is (specify):   CENTINELA STATE PRISON · (I.D. # V-12145)
2302 BROWN ROAD
P.O. BOX 921,
IMPERIAL, CA 92251

I served the attached:   Federal Habeas Corpus Petition &

By enclosing true copies in a sealed envelope addressed to each person EXHIBITS

whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: Sept. 26TH, 2006)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

ORIGINAL & A COPY.......

CLERK,
United States District Court,
(SouThern District):-
United States CourtHouse Rm. 4290,
San Diego, California # 92101/
8900

I certify under penalty of perjury that the foregoing is true and correct.

DATE: Sept, 26TH, 2006)

ANTHONY ALVAREZ,
(TYPE OR PRINT NAME)
V-12145, C-Facility, C-1-125-L)
CENTINELA State Prison
#92251          (44)

▶ ☒ Anthony Alvarez
(SIGNATURE OF DECLARANT)

In Pro Per,.....

| Short Title: | Court Case No: |
|---|---|
| ANTHONY ALVAREZ V. VICTOR M. ALMAGER, Warden | No. 06-2112-(WQH). |
| | No. 3:06-2112 (WQH). |

**\* COPY \***

# Proof of Service By Mail

I am over the age of 18 and a party/~~not a party~~ (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My

residence or business address is (specify): CENTINELA STATE PRISON · (I.D. # V-12145 )
2302 BROWN ROAD
P.O. BOX 921,
IMPERIAL, CA 92251

I served the attached: _Federal Habeas Corpus Petition And_

By enclosing true copies in a sealed envelope addressed to each person _EXHIBITS,_

whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: _Sept. 26th_ ,200~~6~~

_Warden Not Served_
_NOT ALLOWED ... !_

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

OFFICE OF ATTORNEY GENERAL,
116 W. "R" Street, Suite 1100,
Post Office Box - 85266,
San Diego, California
# 92186/5266

VICTOR M. ALMAGER, Warden
OFFICE OF WARDEN,
CENTINELA STATE PRISON
Post Office Box - 921,
Imperial, California
# 92251)

I certify under penalty of perjury that the foregoing is true and correct.

DATE: Sept. 26th, 2006.)

ANTHONY ALVAREZ,
(TYPE OR PRINT NAME)
"C" Facility, C-1-125-L,)
CENTINELA STATE PRISON (45)
#92251

(SIGNATURE OF DECLARANT)

In Pro Per, ...

CLERK, UNITED STATES DISTRICT,

    SOUTHERN DISTRICT)

      (ROOM 4290)

San Diego, California

      # 92101

\* COPY \*

          September 26TH, 2006)

\*\* INSERT Page, In Lieu of p. 46.)

Dear COURT CLERK       :-

PLEASE TAKE JUDICIAL NOTICE:-

Of These Facts: Page 46: Will Be His ABSTRACT OF JUDGEMENT (RECORDS OFFICE). When the Prison Staff finally Sends it to us. It Has Been approx., 4-plus weeks, and with Second Requests?

WE WILL Forword it to This Court and to the Atty. General's Office — Whenever, Prison Staff in RECORDS OFFICE sends it to us. ! ?

Original P. 46, and two copies will be sent.

THANKING YOU, in Advance for such due consideration.

          SINCERELY,

Nov. 11TH, 2006 —
7 Requests Properly
Made & DisRegarded ...

No Compliance?

    B Anthony Alvarez

    ANTHONY ALVAREZ,

    V-12145) C-Facility, C-1-125-L,

    CENTINELA STATE PRISON.

    Imperial, Calif. #92251

      In Pro Per, ......

      (INSERT PAGE)

S136418

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re ANTHONY ALVAREZ on Habeas Corpus

Petition for writ of habeas corpus is DENIED.

SUPREME COURT
**FILED**

JUN 28 2006

Frederick K. Ohlrich Clerk

DEPUTY

*ORIGINAL*
*Copy Of .....*

*Case No. 06-2112 (WQH.)*

GEORGE
Chief Justice

*Ronald M. George, Esq.,*

*(47)*

Court of Appeal, Fourth Appellate District, Division One - No. D043484
S129546

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

ANTHONY ALVAREZ, Defendant and Appellant.

Petition for review DENIED.

SUPREME COURT
FILED

JAN 1 2 2005

Frederick K. Ohlrich Clerk

DEPUTY



GEORGE
Chief Justice
RONALD M. GEORGE, ESQ.,

**S129546**

## IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

THE PEOPLE,
      Plaintiff and Respondent,

v.

ANTHONY ALVAREZ,
      Defendant and Appellant.

Court of Appeal No. D043484

Superior Court No. SCD174061
The County of San Diego

SUPREME COURT
**FILED**

NOV 3 0 2004

Frederick K. Ohlrich Clerk

Deputy

## PETITION FOR REVIEW



Pro per appellant:
Anthony Alvarez, V-12145
P.O. Box 921
Imperial, CA 92251

(48)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) | Court of Appeal No. DO43484 |
| Plaintiff and Respondent, | ) ) | |
| v. | ) ) | Superior Court No. SCD174061 |
| ANTHONY ALVAREZ, | ) ) | |
| Defendant and Appellant. | ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF SAN DIEGO COUNTY

HONORABLE LAURA P. HAMMES, JUDGE

APPELLANT'S OPENING BRIEF

STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a jury trial and is authorized by Penal Code section 1237.[1]



※ COPY ※

Exhibits.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

( 49 Total Pages )   ( Now Total 50 Pages )

No. 3:06 – 2112 – (WQH)

Case No. 3 06 – 2112 – (WQH.)

*Copy*
*July 8th 2007.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY ALVAREZ, | ) | Case No. 06-CV-2112-WQH (JMA) |
|---|---|---|
| Petitioner, | ) | **REPORT AND RECOMMENDATION OF** |
| v. | ) | **UNITED STATES MAGISTRATE JUDGE** |
| | ) | **ON PETITION FOR WRIT OF HABEAS** |
| VICTOR M. ALMAGER, Warden, | ) | **CORPUS** |
| Respondent. | ) | |

## I.  Introduction

Anthony Alvarez ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 challenging his San Diego Superior Court conviction in case number SCD 174061 for two counts of first degree residential burglary.  (Lodgment No. 1, Clerk's Transcript ("CT"), at 1-6, 76-77.)  Petitioner contends that trial counsel was constitutionally ineffective, the evidence was insufficient to support the conviction, the trial court should have stricken certain prior convictions, the California "three strikes" law should not have been applied in his case, and his sentence of 60 years to life constitutes cruel and unusual

1  punishment under the Eighth Amendment of the Constitution.  (See

2  Petition, Grounds One through Four.)

3      The Court has considered the Petition, Respondent's Answer,

4  Petitioner's Traverse (styled "Addendum to Petition for Writ of

5  Habeas Corpus"), and all the supporting documents submitted by

6  the parties.  Based upon the documents and evidence presented in

7  this case, and for the reasons set forth below, the Court recom-

8  mends that the Petition be **DENIED**.

9  **II.  Factual Background**

10     This Court gives deference to state court findings of fact

11  and presumes them to be correct.  Petitioner may rebut the

12  presumption of correctness, but only by clear and convincing

13  evidence.  28 U.S.C. § 2254(e)(1); see also Parke v. Raley, 506

14  U.S. 20, 35-36 (1992) (holding findings of historical fact,

15  including inferences properly drawn from such facts, are entitled

16  to statutory presumption of correctness).  The facts as found by

17  the state appellate court are as follows:

18        [¶]  On March 10, 2003, Alvarez broke into an apartment
          in a Hillcrest complex.  He took property worth between
19        $200 and $300.  A month later he extended his arm into
          an apartment in the same complex.  When he saw the
20        occupant in the apartment, Alvarez fled.  At the time
          of sentencing, Alvarez was 71 years old.  Two of his
21        strike priors, both robberies ([CA Penal Code] § 211),
          were 38 years old.  The third strike prior, also a
22        robbery, was 18 years old.  Since the mid 1950's he has
          been in and out of jail and prison in what the trial
23        court identified as "an unrelenting life of crime." *None of that*

24  (Lodgment No. 8 at 2.)    *Proves He Broke into an Apartment No*
                              *Such Material Evidence...*
25  **III.  Procedural Background**

26     The San Diego County District Attorney's Office filed an

27  Information charging Anthony Alvarez with two counts of residen-

28  tial burglary (counts 1 & 2) in violation of California Penal

1  Code ("Penal Code") section 459. (CT at 1-2.)  The Information

2  alleged that Petitioner had suffered numerous probation denial

3  priors (Penal Code § 1203(e)(4)), two prison priors (Penal Code

4  §§ 667.5(b) & 668), three serious felony priors (Penal Code §§

5  667(a)(1), 668 & 1192.7(c)), and four "strike" priors within the

6  meaning of Penal Code sections 667(b) through (i), 1170.12 and

7  668.  (CT at 3-4.)  A jury found Petitioner guilty of both counts

8  of residential burglary, and the court found that Petitioner had

9  suffered three prior strike convictions and two serious prior

10  felony convictions.  (CT at 76-77, 200.)  Petitioner was sen-

11  tenced to a 50-years-to-life plus 10-years term.  (CT at 199-200,

12  202.)

13      Petitioner filed a direct appeal challenging his conviction

14  and sentence in the California Court of Appeal, Fourth Appellate

15  District, Division One.  (Lodgment Nos. 5-7.)  In an unpublished

16  opinion, the California Court of Appeal affirmed Petitioner's

17  conviction and sentence.  (Lodgment No. 8.)  Petitioner then

18  filed a Petition for Review in the California Supreme Court,

19  which was denied without comment.  (Lodgment Nos. 9-10.)  Fi-

20  nally, Petitioner filed a Petition for Writ of Habeas Corpus in

21  the California Supreme Court, which was also denied without

22  comment.  (Lodgment No. 11, Petition at 47.)

23      Petitioner filed a petition for habeas corpus relief pursu-

24  ant to 28 U.S.C. § 2254 in this Court on September 28, 2006.

25  [Doc. No. 1.]  Respondent filed an Answer on December 13, 2006,

26  and Petitioner filed a Traverse (styled "Addendum to Petition for

27  Writ of Habeas Corpus") on January 18, 2007.  [Doc. Nos. 6 and

28  8.]

## IV. Discussion

### A. Standard of review

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was <u>adjudicated on the merits</u> in State *NONE)* court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) & (2) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a

4

1  conclusion opposite to that reached by this Court on a
2  question of law or if the state court decides a case
   differently than this Court has on a set of materially
3  indistinguishable facts.  Under the "unreasonable
   application" clause, a federal habeas court may grant
4  the writ if the state court identifies the correct
   governing legal principle from this Court's decisions
   but unreasonably applies that principle to the facts of
5  the prisoner's case.

6  Williams, 529 U.S. at 412-413; see also Lockyer v. Andrade, 538

7  U.S. 63, 73-74 (2003).

8      Where there is no reasoned decision from the state's highest

9  court, this Court "looks through" to the underlying appellate

10 court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 801-806

11 (1991).  If the dispositive state court order does not "furnish a

12 basis for its reasoning," federal habeas courts must conduct an

13 independent review of the record to determine whether the state

14 court's decision is contrary to, or an unreasonable application

15 of, clearly established Supreme Court law.  See Delgado v. Lewis,

16 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by

17 Lockyer v. Andrade, supra, 538 U.S. at 75-76); accord Himes v.

18 Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  However, a state

19 court need not cite Supreme Court precedent when resolving claims

20 presented on direct or collateral review.  Early v. Packer, 537

21 U.S. 3, 8 (2002).  "[S]o long as neither the reasoning nor the

22 result of the state-court decision contradicts [Supreme Court

23 precedent,]" id., the state court decision will not be "contrary

24 to" clearly established federal law.  Id.  *Needs Evidentary Hearings . . . .*

25 **B.   Ineffective Assistance of Counsel**

26 Petitioner contends his trial counsel, Richard Berkon, was

27 constitutionally ineffective because he failed to call an expert

28 on eyewitness identification and because he failed to present a

5

1  defense.   (Petition, Ground One.)   Petitioner raised these claims

2  for the first time in the California Supreme Court on collateral

3  review.   (Lodgment No. 11 at Ground 1.)   That court denied the

4  petition without comment.   (Petition at 47.)   Because the Cali-

5  fornia Supreme Court did not "furnish a basis for its reasoning,"

6  this Court must conduct an independent review of the record to

7  determine whether the state court's decision is contrary to, or

8  an unreasonable application of, clearly established Supreme Court

9  law.   See Delgado v. Lewis, supra, 223 F.3d at 982; accord Himes

10 v. Thompson, supra, 336 F.3d at 853.

11      Under clearly established U.S. Supreme Court law, to estab-

12 lish ineffective assistance of counsel, Petitioner must show: (1)

13 "counsel's representation fell below an objective standard of

14 reasonableness"; and (2) there is a reasonable probability that,

15 but for counsel's errors, the result of the proceeding would have

16 been different.   Strickland v. Washington, 466 U.S. 668, 688,

17 690, 692, 694 (1984).   The Court must review counsel's perfor-

18 mance deferentially.   Additionally, a wide measure of deference

19 must be given to counsel's tactical decisions.   Indeed, Strick-

20 land notes that "counsel's tactical decisions are virtually

21 unchallengeable."   Strickland at 690; see also, Furman v. Wood,

22 190 F.3d 1002, 1007 (9th Cir. 1999).   A petitioner "must overcome

23 the presumption that, under the circumstances, the challenged

24 action 'might be considered sound trial strategy.'"   Strickland

25 at 689 (citations omitted).

26          **(1)  Expert on eyewitness identification**

27      Petitioner was convicted in part because of the testimony of

28 Mary Davis, who saw him at the apartment complex on the days of

6

1  the burglaries.  (RT 35-85.)  On March 10, 2003, Ms. Davis saw

2  Petitioner enter and then exit her neighbor's apartment carrying

3  items he did not have when he entered.  (RT 39-41.)  A month

4  later, Ms. Davis saw Petitioner looking in the window of another

5  apartment, at which time she reported his presence to an employee

6  of the complex.  (RT 45-46.)  Petitioner contends that trial

7  counsel was ineffective because he failed to call an expert in

8  eyewitness identification, presumably to undermine Ms. Davis'

9  "unreliable identification."

10      Respondent correctly notes that Petitioner has failed to

11  specify how the expert would testify and what difference that

12  testimony would have made in the outcome. As such, Petitioner's

13  showing is plainly insufficient to support habeas relief.

14  Strickland, supra, 466 U.S. at 688, 690, 692, 694.  Presumably,

15  Petitioner would argue that if the testimony of Ms. Davis were

16  undermined by an expert, the circumstantial evidence is all that

17  would have remained, and he would have been acquitted.  Even if

18  Petitioner had made this argument, it ignores the fact that

19  circumstantial evidence alone is sufficient to support a convic-

20  tion, and the jury was so instructed.  (CT 61, CALJIC 2.00.)

21      Moreover, the jury was thoroughly instructed regarding how

22  to consider and weigh eyewitness testimony.  Specifically, the

23  jury received the following instructions:  "Burden of Proving

24  Identity Based Solely on Eyewitnesses" (CALJIC 2.91), "Factors to

25  Consider in Proving Identity by Eyewitness Testimony" (CALJIC

26  2.92), "Believability of Witness" (CALJIC 2.20), and "Sufficiency

27  of Testimony of One Witness" (CALJIC 2.27).  (CT 54, 55, 42 &

28  46.)

<div align="center">7</div>

1   After an independent review of the record, it is clear that

2   Petitioner has made no showing that trial counsel was objectively

3   unreasonable for not introducing expert testimony on eyewitness

4   identification.   Thus, the Court of Appeal's denial of this claim

5   was not contrary to, or an unreasonable application of, <u>Strick-</u>

6   <u>land</u>, and the claim should be denied.

7            **(2) <u>Failure to present a defense</u>**

8      Petitioner also contends that counsel was constitutionally

9   ineffective because he "failed to investigate the facts or

10  present them.   Absent those omissions and trial errors by his

11  legal counsel, the results of the trial would have been differ-

12  ent."   (Petition at "Ground One Page 4.")   It appears that

13  Petitioner alleges that his counsel should have presented facts

14  to support the following:

15      Defendant/Petitioner had every right to be at this
        apartment complex on the date of his arrest.   The true
16      facts were (concealed from jurors): His ex-girlfriend
        (Easter Yarborduch) [] had lived with him at this
17      apartment complex.   She had introduced Defendant to a
        male friend of hers - who lived in a separate section
18      at this same apartment complex.   The Defendant/
        Petitioner was trying to make a connection with that
19      man to share an apartment.

20      [¶]   At this point in time, Defendant was gainfully
        employed as a telemarketer, and had worked at that job
21      for 14-months.

22  (Petition at "Ground One Page 2.")   While Petitioner makes

23  conclusory statements of fact that he contends would have sup-

24  ported his defense, he proffers no actual evidence or testimony

25  to support them.   Thus, they cannot support a finding that

26  counsel was objectively unreasonable in failing to present

27  Petitioner's version of events.   <u>James v. Borg</u>, 24 F.3d 20, 26

28  (9th Cir.), <u>cert. denied</u>, 513 U.S. 935 (1994)(conclusory allega-

8

1  tions that are not supported by specific facts do not merit

2  habeas relief); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

3  1990)(the petitioner must state facts which point to a real

4  possibility of constitutional error). *Done. Amicus-Curiae.)ᴸ*

5      Moreover, a review of the record reveals that while defense

6  counsel Richard Berkon did not present affirmative evidence in

7  support of Petitioner (see RT 203), he extensively cross-examined? *?*

8  the prosecution's witnesses.  For example, Mr. Berkon cross-

9  examined eyewitness Mary Davis in an attempt to impeach her

10  testimony and identification of Petitioner.  (RT 54-72, 84-85.)

11  Specifically, counsel used her previous testimony and statements

12  made to the police to attempt to undermine the reliability of her

13  statements at trial.  (E.g. RT 68.) *No Police Report...*

14      Mr. Berkon cross-examined Sheila Faulkner, the victim from

15  the first burglary and, in doing so, raised the possibility that

16  Petitioner was a homeless person who resided in the area (thereby

17  raising the possibility that Petitioner was seen at the complex

18  for reasons other than burglary).  (RT 92-95.)  Mr. Berkon cross-

19  examined Bradley Willson, the victim from the second burglary,

20  and established that he only saw a silhouette of the person at

21  his bedroom window.  (RT 103.)  He also cross-examined Steven

22  Fasolino, the maintenance person for the apartment complex,

23  attempting to impeach his testimony with inconsistent preliminary

24  hearing testimony, and made numerous objections during his direct

25  testimony.  (RT 104-119.)  In closing argument, Mr. Berkon argued

26  the inconsistencies in the identification witnesses' testimony

27  and highlighted the lack of fingerprint evidence at the crime *?*

28  scenes.  (RT 228-240.)

1    A wide measure of deference must be given to counsel's

2    tactical decisions. "[C]ounsel's tactical decisions are virtu-

3    ally unchallengeable." Strickland, supra, 466 U.S. at 690; see

4    also, Furman v. Wood, 190 F.3d 1002, 1007 (9th Cir. 1999). A

5    petitioner "must overcome the presumption that, under the circum-

6    stances, the challenged action 'might be considered sound trial

7    strategy.'" Strickland, supra, 466 U.S. at 689 (citations

8    omitted).

9    After an independent review of the record, it is clear that

10    Petitioner has made no showing that trial counsel was objectively

11    unreasonable in failing to present Petitioner's case. The record

12    supports a finding that Mr. Berkon was fully engaged in defending

13    Petitioner and that he employed sound trial strategy in doing so.

14    Thus, the Court of Appeal's denial of this claim was not contrary

15    to, or an unreasonable application of, Strickland, and the claim

16    should be denied.

17    **C.    Insufficiency of the Evidence**

18    Petitioner contends that the evidence was constitutionally

19    insufficient to support his convictions for residential burglary.

20    He contends he was guilty of a misdemeanor at most because he did

21    not "enter" the apartment (presumably referring to the second

22    burglary), and he was convicted based on his past record.

23    (Petition at Ground Two.) Petitioner raised this claim for the

24    first time in the California Supreme Court on collateral review.

25    (Lodgment No. 11 at Ground 2.) That court denied the petition

26    without comment. (Petition at 47.) Because the California

27    Supreme Court did not "furnish a basis for its reasoning," this

28    Court must conduct an independent review of the record to deter-

Magistrate gives The State (Intent)
Not Petitioner's Intentions — (Allegation Being
"Politically-Correct" — Prime Facie PREJUDICIAL

Avoiding The True Facts & Evidence. Opposite
The State's Arbitrary Abuse of The LAW & THE TRUTH!

1  mine whether the state court's decision is contrary to, or an

2  unreasonable application of, clearly established Supreme Court

3  law.  See Delgado v. Lewis, supra, 223 F.3d at 982; accord Himes

4  v. Thompson, supra, 336 F.3d at 853.

5      The Fourteenth Amendment's Due Process Clause is violated

6  "if it is found that upon the evidence adduced at the trial no

7  rational trier of fact could have found proof of guilt beyond a

8  reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 324

9  (1979).  In deciding whether a due process violation has oc-

10 curred, this Court must look to "the substantive elements of the

11 criminal offense as defined by state law."  Jackson, 443 U.S. at

12 324, n. 16.  Under California law, "[e]very person who enters any

13 house ... [or] apartment ...with intent to commit grand or petit

14 larceny or any felony is guilty of burglary."  CA Penal Code

15 § 459.

16     Significantly, in order to constitute burglary under Cali-

17 fornia law, entry need not be made by any part of a defendant's

18 body, but entry may be made by an instrument, where the instru-

19 ment is inserted for purpose of committing the felony.  People v.

20 Walters, 57 Cal.Rptr. 484 (App. 2 Dist. 1967); see also, People

21 v. Failla, 51 Cal.Rptr. 103 (1966)(sufficient "entry" is made to

22 warrant a conviction of burglary when any part of an intruder's

23 body is inside the premises); People v. Massey, 16 Cal.Rptr. 402

24 (App. 1 Dist. 1961)(the placing of a hand in an open window

25 constitutes "entry" for purpose of burglary); People v. Valencia,

26 120 Cal.Rptr.2d 131 (2002)(penetration into the area behind a

27 window screen amounts to an entry of a building within the

28 meaning of the burglary statute when the window itself is closed

Lines 6&7, Abuse of Discretion — In a
Reasonable Fair Trial — Before Reasonable
Rational People (Objecting) No Facts Here
Allows Any First Degree Burglary Conviction —
It's, Twisting & Distorting The Facts — Another
Profanation of The LAWS!

1 and is not penetrated).  As an initial matter, and with regard to

2 the second burglary (at Mr. Willson's apartment), Petitioner

3 concedes in his Petition "his hand reached into [the] open window

4 to push back the blinds (of [the] bedroom), and he called out

5 'Are you awake?'  No answer so - he left!"  (Petition at "Ground

6 Two page 2.")  Under California law, this "amount" of entry is

7 enough to support a first degree burglary conviction.

8      An independent review of the record of Petitioner's trial

9 reveals that the state court's denial of Petitioner's claim was

10 not contrary to, of an unreasonable application of, <u>Jackson</u> in

11 light of California burglary law.  At trial, the prosecution

12 presented the following evidence that Petitioner committed the

13 two burglaries:

14      On March 10, 2003, Mary Davis saw Petitioner enter Sheila

15 Faulkner's apartment after first peering in through the front

16 door.  Petitioner came out of the apartment carrying what ap-

17 peared to be a balled-up blanket under his arm.  About ten

18 minutes later, Ms. Davis saw Petitioner leave the apartment

19 complex, still carrying the blanket.  (RT 35-43.)  Several items

20 were missing from Ms. Faulkner's home, including a digital

21 camcorder with an LCD monitor, a digital camera, a handset to a

22 cordless phone, food, and a blanket.  (RT 90.)

23      Several weeks later, Ms. Davis observed Petitioner looking

24 in the window of Bradley Willson's apartment, and she went to the

25 office to report what she had seen to the apartment manager.  (RT

26 44-45.)  After being alerted by Ms. Davis, Steven Fasolino, the

27 complex's maintenance person, left the office, found Petitioner

28 near Mr. Willson's apartment, and took his picture.  (Petitioner

1  had attempted to change his appearance from earlier that morning

2  by changing his clothes, and slicking down his hair.)   (RT 105-

3  113.)   At this same time, Bradley Willson was sleeping in his

4  apartment.   He heard a knock on the door, which he did not

5  answer.   A short time later he heard a rustle at his bedroom

6  window.   Mr. Willson observed the window being pried open, and a

7  hand reached inside the apartment and pushed back the blinds.

8  (RT 96-98.)

9       The evidence was plainly sufficient to support Petitioner's

10  convictions.   The evidence showed that, on two occasions, Peti-

11  tioner entered an apartment with the intention of committing

12  larceny.   Under California law, this is all that is required to

13  establish residential burglary.   Clearly, a rational trier of

14  fact could have found beyond a reasonable doubt that Petitioner

15  committed the crimes.   See Jackson v. Virginia, supra, 443 U.S.

16  at 324.   Not with A Good Legal Counsel, etc. etc.

17       At bottom, Petitioner appears to rail against the fact that

18  California law defines "putting any part of your body into the

19  apartment" as first degree burglary.   (Petition at "Ground Two,

20  Page 2.")   That argument raises no issue justifying federal

21  habeas relief because this Court must defer to and is bound by Half

22  California's interpretation of its own laws.   Wainwright v.   Truth

23  Goode, 464 U.S. 78, 894 (1983).   In light of California law, and

24  given the record at trial, No rational trier of fact could have

25  found proof that Petitioner committed two counts of first degree

26  burglary beyond a reasonable doubt.   Thus, the California Supreme

27  Court reasonably applied the Jackson standard in denying Peti-

28  tioner's claim.   Accordingly, Petitioner was not denied due

1 process, and the claim should be denied.

2    D.    **Motion to Dismiss Strike Priors**

3    The trial court found that Petitioner had three strike
4 priors, two prior serious felony convictions, and had served one
5 prior prison term.  The court denied a motion to dismiss the
6 strike priors and sentenced Petitioner to 60 years to life:
7 consecutive terms of 25 years to life on each residential bur-
8 glary with two strike priors, enhanced five years for each prior
9 serious felony conviction.  (CT 199-200, 202.)  Petitioner
10 contends that the strike priors should have been stricken.
11 (Petition at Ground Three.)

12    On this issue, the Supreme Court of California denied
13 Petitioner's Petition for Review without opinion.  (Lodgment No.
14 10.)  Thus, this Court must "look through" to the California
15 Court of Appeal's decision underlying that denial as the basis
16 for its analysis.  See *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06
17 (1991).  In denying Petitioner's appeal, the California Court of
18 Appeal stated:

19    [¶]  Whether to strike a strike prior is in the trial
    court's discretion.  (*People v. Superior Court (Romero)*
20    (1996) 13 Cal.4th 497, 529-530.)  In ruling whether to
    dismiss a strike prior the court must consider whether,
21    in light of the nature and circumstances of his present
    criminal activity and prior serious and/or violent
22    felony convictions, the defendant may be deemed outside
    the spirit of the three strikes law and should be
23    treated as though he had not committed one or more
    strike priors.  (*People v. Williams* (1998) 17 Cal.4th,
24    162-163.)

25    [¶]  Alvarez argues the trial court abused its discre-
    tion in failing to dismiss his strike priors because
26    his present crimes were nonviolent and his strike
    priors are remote in time.  However, while Alvarez's
27    current burglaries may not have resulted in violence,
    whenever a stranger breaks into another's home the
28    potential for violence is great, not to mention the
    psychological harm to the victim whose place of privacy

*The State Never Proved He
Broke Into Any House-Period.
Lack of Truth & Reality...*

14

1    and security has been invaded.  Moreover, in determin-
2    ing whether the trial court abused its discretion in
     refusing to dismiss the strike prior, Alvarez's crimi-
3    nal history is paramount.  Over the past 46 years,
     Alvarez has repeatedly been convicted of criminal acts,
     including being drunk in public (two), theft, burglary
4    (four), escape from prison camp, robbery (three), grand
     theft (three; one while armed with a firearm or deadly
5    weapon), taking or knowingly driving a stolen vehicle,
     drunk driving, battery, receiving stolen property,
6    escape from prison, battery on a peace officer, being a
     felon in possession of a firearm and the present resi-
7    dential burglaries.  He does not fall outside the
     scheme of the three strikes law.  The trial court did
8    not abuse its discretion in refusing to dismiss the
     strike priors.
9

10   (Lodgment No. 8 at 2-3.)

11       Generally, matters relating to a state court's interpreta-

12   tion of state law do not implicate federal constitutional issues.

13   In fact, this Court defers to and is bound by a state court's

14   interpretation of its own laws.  Wainwright v. Goode, 464 U.S.

15   78, 84 (1983); Estelle v. McGuire, supra, 502 U.S. at 67-68.

16   Petitioner has provided no authority to indicate that this case

17   does not fall within that general rule.  Moreover, "[a] federal

18   court may not issue the writ [of habeas corpus] on the basis of a

19   perceived error of state law."  Pulley v. Harris, 465 U.S. 37, 41

20   (1984).

21       Petitioner's claim deals solely with the interpretation and

22   application of California law, a matter which does not implicate

23   federal constitutional concerns.  Moreover, even if Petitioner

24   had raised a claim for which federal habeas relief was available,

25   Petitioner's claim is meritless.  The California Court of Ap-

26   peal's reasoning on the issue indicates plainly that that court

27   did not abuse its discretion by declining to strike any of

28   Petitioner's prior convictions.  Nothing in Petitioner's long and

1 violent criminal history supports a finding that he should be

2 treated as though he had not committed one or more strike priors.

3 Accordingly, the claim should be denied.

4 **E.    Cruel and Unusual Punishment**

5 Petitioner contends that his sentence of 50 years to life

6 plus 10 years violates the Eighth Amendment's prohibition against

7 cruel and unusual punishments.  (Petition at Ground Four.)   On

8 this issue, the Supreme Court of California denied Petitioner's

9 Petition for Review without opinion.  (Lodgment No. 10.)   Thus,

10 this Court must "look through" to the California Court of Ap-

11 peal's decision underlying that denial as the basis for its

12 analysis.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).

13 In denying Petitioner's appeal, the California Court of Appeal

14 stated:

15 [¶]  Alvarez points out his current crimes were nonvio-
lent, he was not armed, and his criminal history is
16 primarily nonviolent.  He argues that the 60-year
sentence is disproportionate to the crimes and there-
17 fore cruel and unusual punishment.  Alvarez does not
contend the three strikes law is invalid on its face or
18 that an indeterminate sentence of any length consti-
tutes cruel and unusual punishment.  Instead, he as-
19 serts given the unique facts of this case, the consti-
tutional prohibition against cruel and unusual punish-
20 ment is violated by the 60-year sentence because it is
disproportionate to his crimes. To His Conduct in The Matter

21
[¶]  Cruel and unusual punishment is prohibited by the
22 Eighth Amendment of the United States Constitution and
by article 1, section 17 of the California Constitu-
23 tion.  Punishment is cruel and unusual if it is so
disproportionate to the crime for which it is imposed
24 that it shocks the conscience and offends fundamental
notions of human dignity.  (See Ewing v. California
25 (2003) 538 U.S. 11, 22 (Ewing); In re Lynch (1972) 8
Cal.3d 410, 424.)  Citing People v. Mantanez (2002) 98
26 Cal.App.4th 354, 359, Alvarez acknowledges "[i]t is not
cruel and unusual punishment to enhance the penalty for
27 a crime because the defendant is a recidivist [cita-
tions] as long as the ultimate punishment, all facts
28 considered, is not disproportionate to the crime.
[Citations.]"  He argues that given the punishment

16                                                          06cv2112

1    specified for more serious crimes, a 60-year-to-life
     sentence for third strike convictions of nonviolent
2    burglaries is disproportionate to the crimes committed
     and constitutes cruel and unusual punishment.
3
     [¶]    A similar argument was raised unsuccessfully in
4    *Ewing*.  Ewing was convicted of grand theft for stealing
     three golf clubs worth more than $400.  The felony
5    conviction, classified as a third strike offense by the
     California Legislature, was Ewing's third such convic-
6    tion.  The trial court sentenced Ewing under the three
     strikes law to 25 years to life in prison.  Ewing
7    appealed contending, in part, that his sentence consti-
     tuted cruel and unusual punishment under the Eighth
8    Amendment to the United States Constitution.  In re-
     jecting the challenge, the United States Supreme Court
9    recognized that it traditionally deferred to the state
     legislatures to adopt a penological theory and to
10   determine the length of sentences.  (*Ewing, supra*, 538
     U.S. at p. 25.)  The high court noted that "[w]hen the
11   California Legislature enacted the three strikes law,
     it made a judgment that protecting the public safety
12   requires incapacitating criminals who have already been
     convicted of at least one serious or violent crime.
13   Nothing in the Eighth Amendment prohibits California
     from making that choice."  (*Ibid.*)  Similarly, in
14   *Lockyer v. Andrade* (2003) 538 U.S. 673, 69 (*Andrade*),
     the high court upheld the 50-year-to-life sentence
15   under the three strikes law of a recidivist defendant
     convicted of shoplifting videotapes worth less than
16   $153 with a prior theft conviction.

17   [¶]    The California Legislature classified violation of
     section 459 as a felony and as a third strike. *¿NeVeR Proved*
18   Alvarez's argument that conviction of other more seri-
     ous crimes carries a lighter indicated sentence than
19   does a conviction of section 459 when the offense is a
     defendant's third strike and therefore that appellant's
20   ultimate sentence is disproportionate to the crime
     committed and constitutes cruel and unusual punishment,
21   was rejected in *Ewing* and *Andrade*.  We similarly reject
     the challenge and affirm the judgment. *?*
22

23   (Lodgment No. 8 at 3-6.)

24       The U.S. Supreme Court has upheld California's Three Strikes

25   law.  In <u>Lockyer v. Andrade</u>, 53̵8̵ U.S. 63 (2003), the Supreme Court

26   concluded that the only clearly established legal principle which

27   could be discerned from the Supreme Court's Eighth Amendment

28   jurisprudence was that "[a] gross disproportionality principle is

*See, Appeal (COA) page 9, Back of Page (4) Supreme Court Justices Found 8th Amend. Violations Likewise, Herein,...*

17

1  applicable to sentences for a term of years ... the precise

2  contours of which are unclear, [and which is] applicable only in

3  the 'exceedingly rare' and 'extreme' case."  Andrade, 538 U.S. at

4  72-73 (citing Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)).

5  The Supreme Court then held that the California court's determi-

6  nation that Andrade's sentence of two terms of twenty-five years

7  to life under the Three Strikes Law was not contrary to this

8  clearly established principle.  At the outset, the Supreme Court

9  found that the California appellate court's decision did not

10  "appl[y] a rule that contradicts the governing law set forth in

11  [Supreme Court] cases."  Id. at 73 (citing Williams, supra, 529

12  U.S. at 405-406).  The Court wrote:

13      Because Harmelin and Solem [v. Helm, 463 U.S. 277
        (1983)] specifically stated that they did not overrule
14      Rummel [v. Estelle, 445 U.S. 263 (1980)], it was not
        contrary to our clearly established law for the Cali-
15      fornia Court of Appeal to turn to Rummel in deciding
        whether a sentence is grossly disproportionate.  See
16      Harmelin, supra at 998, 111 S.Ct. 2680 (KENNEDY, J.,
        concurring in part and concurring in judgment); Solem,
17      supra, at 288, n. 13, 303-304, n. 32, 103 S.Ct. 3001.
        Indeed, Harmelin allows a state court to reasonably
18      rely on Rummel in determining whether a sentence is
        grossly disproportionate.

19

20  Id.

21      In Rummel, the Supreme Court held that a sentence of life

22  imprisonment for a defendant who was convicted of obtaining

23  $120.75 by false pretenses and who had two prior theft-related

24  convictions did not violate the Eighth Amendment because Rummel

25  would be eligible for parole in twelve years and because the

26  sentence was not solely the result of his current minor theft

27  crime, but rather, the result of Rummel's recidivism.  Rummel,

28  445 U.S. at 267, 284-285.  In Solem, the Court found a mandatory

1  term of life in prison, with no available parole, for writing a

2  "no account" check for $100.00 and for having three prior convic-

3  tions violated the Eighth Amendment's proportionality require-

4  ment.  <u>Solem</u>, 463 U.S. at 281-283.

5       Nor was Andrade's sentence "materially indistinguishable"

6  from the facts in <u>Solem</u>; rather, the facts fell between the facts

7  of <u>Rummel</u> and <u>Solem</u> because Andrade retained the possibility of

8  parole.  <u>Id</u>. at 74.

9       The Supreme Court also concluded that the state
10      court did not unreasonably apply clearly established
        Supreme Court law:

11      Section 2254(d)(1) permits a federal court to grant
        habeas relief based on the application of a governing
12      legal principle to a set of facts different from those
        of the case in which the principle was announced.  <u>See</u>
13      <u>e.g. Williams v. Taylor</u>, <u>supra</u> at 407, 120 S.Ct. 1495
        (noting that it is "an unreasonable application of this
14      Court's precedent if the state court identifies the
        correct governing legal rule from this Court's cases
15      <u>but unreasonably applies it to the facts of the partic-</u>
        <u>ular state prisoner's case"</u>).  Here, however, the
16      governing legal principle gives legislatures broad
        discretion to fashion a sentence that fits within the
17      scope of the proportionality principle - the "precise
        contours" of which "are unclear."  <u>Harmellin v. Michi-</u>
18      <u>gan</u>, 501 U.S. at 998, 111 S.Ct. 2680 (KENNEDY, J.,
        concurring in part and concurring in judgment).  And it
19      was not objectively unreasonable for the California
        Court of Appeal to conclude that these "contours"
20      permitted an affirmance of Andrade's sentence.

21  <u>Id</u>. at 75-76.

22       Finally, the Court reiterated that "[t]he gross

23  disproportionality principle reserves a constitutional violation

24  for only the extraordinary case."  <u>Id</u>.  According to the Supreme

25  Court, Andrade's sentence of two consecutive terms of twenty-five

26  years to life in prison was not such an extraordinary case.  <u>Id</u>.

27  at 76.  *This is The ExtraOrdinary Case*

28  //

19

1    Applying <u>Andrade</u> to Petitioner's case, the Court concludes

2    that the state court's decision was neither contrary to, nor an

3    unreasonable application of, clearly established Supreme Court

4    law.  As the Supreme Court noted in <u>Andrade</u>, the clearly estab-

5    lished legal principle is that "a gross disproportionality

6    principle is applicable to sentences for terms of years."  <u>Id</u>. at

7    72-73.  Although the state court's decision did not explicitly·

8    apply this principle in its denial of Petitioner's claim, an

9    independent review of the record leads this Court to the same

10    conclusion.  <u>See</u> <u>Delgado</u>, <u>supra</u>, 223 F.3d at 982; <u>Himes</u>, <u>supra</u>,

11    336 F.3d at 853.

12    Petitioner's criminal record is far more serious than the

13    defendants in <u>Rummel</u>, <u>Solem</u>, and <u>Andrade</u>.  Rummel's prior convic-

14    tions were for fraudulent use of a credit card and passing a

15    forged check.  <u>Rummel</u>, 445 U.S. at 265-266.  Helm's prior convic-

16    tions were for burglary, obtaining money by false pretenses,

17    grand larceny, and driving while intoxicated.  <u>Solem</u>, 463 U.S. at

18    279-280.  Andrade's prior convictions were for misdemeanor theft

19    offenses, residential burglary, transportation of marijuana,

20    petty theft and escape from a federal prison.  <u>Andrade</u>, 270 F.3d

21    at 765-766.  In contrast, Petitioner's prior strike convictions

22    were for (a) two counts of second degree robbery (simulating the

23    use of a gun); (b) armed robbery, grand theft, and resisting

24    arrest; and (c) robbery of an elderly neighbor (with a knife) and

25    battery on a peace officer.  (CT 159-165.)[1]  Like the defendant

26    _____

27    [1]Petitioner's other prior convictions were for two counts of
being drunk in public, theft, burglary, two counts of burglary, escape
from prison camp, auto theft, drunk driving, grand theft, grand theft,

28    burglary, receiving stolen property, escape from prison, being a felon
in possession of a gun and being an armed career criminal.  (CT 159-

This Court is Totally
Prejudicial.
No Conscience of The
Spirit of The Law.

She's Twisting The
LAW — & changing you for Past,
38 & 40 Years Past UnConscionable
Unscionable / Attitude
Proverbs 28:5,)(K.J.)

1  in <u>Rummel</u>, Petitioner's sentence of 60 years to life is not

2  solely the result of his current conviction, but of his recidi-

3  vism.  <u>See</u> <u>Rummel</u>, 445 U.S. at 284-285.  Thus, the state court's

4  denial of Petitioner's claim was not "contrary to" clearly

5  established Supreme Court law because Petitioner's sentence was

6  not grossly disproportionate in light of his serious and lengthy

7  criminal history.  <u>Williams</u>, <u>supra</u>, 529 U.S. at 412-413.

8      Nor was the state appellate court's denial of this claim an

9  unreasonable application of clearly established Supreme Court

10  law.  <u>See</u> 28 U.S.C. § 2254(d)(1).  As in <u>Andrade</u>, the "governing

11  legal principle gives legislatures broad discretion to fashion a

12  sentence that fits within the scope of the proportionality

13  principle – the 'precise contours' of which 'are unclear.'"

14  <u>Andrade</u>, 123 U.S. at 1175 (citing <u>Harmelin</u>, 501 U.S. at 998.)

15  <u>Ramirez v. Castro</u>, 365 F.3d 755 (9th Cir. 2004) gives this Court

16  some guidance as to the kind of "exceedingly rare" case that

17  warrants federal habeas relief.  In <u>Ramirez</u>, the Ninth Circuit

18  concluded that a sentence of twenty-five years to life for a non-

19  violent shoplifting of a $199.00 VCR where the defendant's prior

20  convictions were two non-violent second degree robberies violated

21  the Eighth Amendment.  <u>Ramirez</u>, 365 F.3d at 775.  The Court noted

22  that Ramirez's prior robberies did not involve weapons, and that

23  the "force" involved in both was minimal.  <u>Id</u>. at 768.  Moreover,

24  the one-year jail term Ramirez received for the two robberies was

25  also indicative of the less-than-serious nature of the offense,

26  and it "was the only period of incarceration ever imposed upon

27  Ramirez prior to his Three Strikes sentence."  <u>Id</u>. at 769.

28  ───────────
165.)

06cv2112

1   Comparing Ramirez's case to Rummel, Solem, and Andrade, the Court

2   concluded that "this [was] the extremely rare case that gives

3   rise to an inference of gross disproportionality." Id. at 770.

4   The Court held that the state court's decision to uphold

5   Ramirez's sentence was an objectively unreasonable application of

6   clearly established Supreme Court law, and that Ramirez's case

7   was one of the exceedingly rare cases entitled to habeas relief.

8   Id. at 775.

9        Petitioner's prior convictions are of a completely different

10  character from those in Ramirez.  During his criminal career,

11  Petitioner has been convicted of four counts of robbery, four

12  counts of burglary, and battery on a police officer, among

13  numerous other crimes.  (CT 159-165.)  In 1989, Petitioner was

14  convicted of the federal charge of being a felon in possession of

15  a gun and being an "armed career criminal."  He was sentenced to

16  15 years to life, but was released after serving only 12 years.

17  (CT 164.)  In short, Petitioner's case is plainly not the "ex-

18  tremely rare" case which gives rise to an inference of

19  disproportionality.  See Ramirez, 365 F.3d at 770.[2]

20

21      [2]The Ninth Circuit also recently decided another case applying
    Andrade to a three strikes conviction in Reyes v. Brown, 399 F.3d 964
22  (9th Cir. 2005).  There, the defendant was convicted of perjury for
    making a false statement on a California Department of Motor Vehicles
23  driver's license application form.  Reyes, 399 F.3d at 965.  His prior
    convictions were for a residential burglary, committed when he was a
24  juvenile, and an armed robbery.  Id. at 966.  While Reyes' age and the
    fact that "the [burglary] appeared to be nonviolent" weighed against a
25  finding that his prior convictions were sufficiently "grave" to
    warrant the sentence of twenty-six years to life he received, the
26  armed robbery "represents a point of departure from Ramirez, given the
    nature of the offense and the nine year prison term to which Reyes was
27  sentenced."  Id.  Because the Court was unable to determine the
    circumstances surrounding the robbery, the Court remanded the case to
28  the District Court "to develop the record further and to determine in
    the first instance whether Reyes is entitled to relief under Ramirez."
    Id. at 969-970.  Here, there is sufficient evidence of Petitioner's

1        For the foregoing reasons, the Court concludes that the

2    state court's denial of Petitioner's Eighth Amendment claim was

3    neither contrary to, nor an unreasonable application of, clearly

4    established Supreme Court law.  Therefore, the claim should be

5    denied.  <u>Williams</u>, <u>supra</u>, 529 U.S. at 412-413.

6    **V.    <u>Recommendation</u>**

7        After a thorough review of the record in this matter, the

8    undersigned magistrate judge finds that Petitioner has not shown

9    that he is entitled to federal habeas relief under the applicable

10   legal standards.  Therefore, the undersigned magistrate judge

11   hereby recommends that the Petition be **DENIED WITH PREJUDICE** and

12   that judgment be entered accordingly.

13       This Report and Recommendation is submitted to the Honorable

14   William Q. Hayes, United States District Judge assigned to this

15   case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

16   **IT IS ORDERED** that not later than **July 3, 2007**, any party

17   may file written objections with the Court and serve a copy on

18   all parties.  The document should be captioned "Objections to

19   Report and Recommendation."

20   **IT IS FURTHER ORDERED** that any reply to the objections shall

21   be served and filed not later than **July 20, 2007**.  The parties

22   are advised that failure to file objections within the specified

23   time may waive the right to raise those objections on appeal of

24   //    *No Adequate Legal Access To "C" Facility —*

25   //    *THE LAW Library — Access Here is Totally Not*

26   //    *Legal — UnConstitutional!*

27

28   prior convictions to determine that he is not entitled to relief under
     <u>Ramirez</u>.

1 | the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

2 | Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 |     **IT IS SO ORDERED.**

4 | DATED:   June 4, 2007

5 |

6 | Jan M. Adler
    U.S. Magistrate Judge

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

06cv2112

CLERK, UNITED STATES COURTHOUSE

Northern District,

450 Golden Gate Avenue,

San Francisco, California

#~~94102~~/ 9680                    July 7TH, 2007)

Re:-    Mailed My MOTION To Proceed In Forma Pauperis :-
To Trust Officer, TRUST OFFICE On July 9, 2007)

Dear Court Clerk                    :-

It's Difficult To get the Staff (CESP) C-Facility
To Do The Right Thing — E.g., They sent (THOMAS E's)
Motion To Proceed In FORMA PAUPERES' Unsigned & sent it
to This Court? They just Drew A Line where The Signature
was Required & mailed it?? Deliberate...
At Any Rate, We Want The Court To Know — We
Are Doing All The Correct Procedures. We sent self-
Addressed Envelope (A Return To Court) Envelope With
Our MOTION TO PROCEED In FORMA PAUPERES TO Trust
Officer — Addressed TO Trust Officer — Hopefully They
Will Do Their Job and Fill out Last (2) Two Pages; &
Mail it (A.S.A.P.) TO This Court. RESPECTFULLY SUBMITTED,

July 8TH, 2007                    /S/ Anthony Alvarez,
                    ANTHONY( ALVAREZ,
                    V-12145) C-Facility, C-3-111-L
                    CENTINELA STATE PRISON
                                #92251)

                    In Pro Per,...,

RICHARD W. WIEKING, CLERK,
UNITED STATES DISTRICT COURT,
    (Northern DISTRICT.):-
450 Golden Gate Avenue,
Post Office Box-36060.)
San Francisco, CALIFORNIA
            #94102

FILED

07 AUG 15 PM 3:41

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

August 11th, 2007

Re:-    (Enclosed) Appears To Be Your Court Copy — Required
In My Instant Case — For Certificate Of Appealability (COA).
Trust Officer Should Have Sent You The Correct Form To Proceed.
        In FORM PAUPERIS (Case No. C07-3667.) MMC (PR).

Dear Court CLERK, RICHARD W. WIEKING :    (OA)

    On Aug. 6th, 2007) — I mailed The Correct Form To
Trust Officer Here, He should fill it out — The last
Page and mail it to you — Your Envelope Supplied. !
        However, The Clerks in All Courts Should realize
(+ Acknowledgement) This Prison (CESP) Does Not Make The
Required Copies for (Any) Appeals, nor, Habeas Corpus.
        Appeals in This Court Require Original + 4 Copies !
— This LAW Library will only make One-Copy-Period.
        //        //        //

        THEREFORE, We Believe When you sent This
(Court Copy) with Motion In Forma Pauperis — WE
Should Have Returned Both — Received for
THE RECORD — My Case Has (4) Documents:)
                        see p. 2.)

            (1)

Page 2, (Cont.) :—

THEREFORE, (enclosed) is my Court Copy — My genuine Request for "CERTIFICATE OF APPEALABILITY" — Consists of (4) Four LEGAL DOCUMENTS — You Have Three — You do Need Your COURT COPY — FOR MY RECORDS.

Be Advised, These are ALL "EXTRA-ORDINARY" — Conditions & Circumstances — FOR ORIGINAL Habeas Corpus JURISDICTION !!

DATED: Aug.    , 2007)    RESPECTFULLY SUBMITTED,

*A Anthony Alvarez*
ANTHONY ALVAREZ,
V-12145) C-Facility, C-5-127-L)
CENTINELA STATE PRISON,
P.O. BOX-921.)
Imperial, Calif. #9225)

In Pro Per.,.......

Enclosure:—

✳ Material-EVIDENCE ✳

State of California                                  Department of Corrections and Rehabilitation

# Memorandum

Date  : 7/10/07

To    : a. alvarez
        V12/45
        C 3-111C



Subject: **FEDERAL / STATE COURT FILING**

**In response to your inquiry regarding your court certified documents, we
can only supply you with the date and time that the forms were sent from the
Accounting Office to the Mailroom for mailing.**

**DATE:** _7/10/07_

**TIME:** _9:00 am._

**If you have any questions, you will need to contact your Counselor.**

**SHEILA DAWSON**
**Accountant I Supervisor**

The Trust office should have sent
you a copy of my account to to MONEY's
Received during last 6 months. I requested
this information in early July - this should
have been sent to you. (CLERK)

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

**Date** : 8/7/07

**To** : V12145
Alvarez, A
CS-127

**Subject:** **FEDERAL / STATE COURT FILING**

**In response to your inquiry regarding your court certified documents, we
can only supply you with the date and time that the forms were sent from the
Accounting Office to the Mailroom for mailing.**

**DATE:** _8/7/07_

**TIME:** _9:10 a.m._

**If you have any questions, you will need to contact your Counselor.**

**SHEILA DAWSON
Accountant I Supervisor**

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

July 18, 2007

RE: <u>**CV 07-03667 MMC**</u>

**<u>VICTOR M. ALMAGER -v- BILL LOCKYER</u>**

Dear Law Clerk:

The petitioner in the instant habeas corpus action has filed a notice of appeal. Rule 22(b) of the Federal Rules of Appellate Procedure provides that if an appeal is taken by the petitioner in a habeas corpus action, the district judge who rendered the judgment shall either issue a certificate of appealability (formerly referred to as certificate of probable cause) pursuant to 28 U.S.C. § 2253 or state the reasons why such a certificate should not issue. Please make sure that the Judge issues the requisite certificate or statement so that I can process the appeal and forward the file to the Ninth Circuit.

Thank you,

*Alfred Amistoso*
<u>Alfred Amistoso</u>
Case Systems Administrator

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

I (a) PLAINTIFFS

**Anthony Alvarez**

2254   1983
FILING FEE PAID
Yes   No
EFP MOTION FILED
Yes   No
COPIES SENT TO
Counsel Please

**VM Almager, et al**

(b) COUNTY OF RESIDENCE OF FIRST LISTED   **Imperial**
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Anthony Alvarez**
**PO Box 921**
**Imperial, CA 92251**
**V-12145**

ATTORNEYS (IF KNOWN)

'07 **CV 2062 H      JMA**

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX<br>(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT | | | |
|---|---|---|---|---|
| | | PT   DEF | | PT   DEF |
| ☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question<br>(U.S. Government Not a Party) | Citizen of This State | ☐ 1   ☐ 1 | Incorporated or Principal Place of Business<br>in This State | ☐ 4   ☐ 4 |
| ☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in<br>Item III | Citizen of Another State | ☐ 2   ☐ 2 | Incorporated and Principal Place of Business<br>in Another State | ☐ 5   ☐ 5 |
| | Citizen or Subject of a Foreign<br>Country | ☐ 3   ☐ 3 | Foreign Nation | ☐ 6   ☐ 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE
JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-<br>Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury -<br>Product Liability | of Property 21 USC 881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment<br>&Enforcement of Judgment | ☐ 330 Federal Employers'<br>Liability | ☐ 368 Asbestos Personal Injury<br>Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and<br>Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student<br>Loans (Excl. Veterans) | ☐ 345 Marine Product<br>Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment<br>of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product<br>Liability | ☐ 380 Other Personal<br>Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | Exchange |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage<br>Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff<br>or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party<br>26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination<br>Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding   ☐ 2 Removal from   ☐ 3 Remanded from Appellate   ☐ 4 Reinstated   ☒ 5 Transferred from   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from
State Court   Court   or Reopened   another district (specify)   Magistrate Judgment

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS<br>ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):     JUDGE _____     Docket Number _____

DATE   **10/26/2007**     SIGNATURE OF ATTORNEY OF RECORD